UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60016-CR-KMW

UNITED STATES OF AMERICA

v.

JAMES E. PRICE, III.,

    Defendant.
_____/

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PRODUCTION OF GRAND JURY TRANSCRIPTS

Defendant James E. Price, III, has filed a Motion for Production of Grand Jury Transcripts (DE 32). In support of the motion, Price asserts that the grand jury may have returned an indictment based on misleading information. Specifically, he claims that the government may have instructed the grand jury that he was investigated in 2000 for possessing child pornography and that the results of the forensic examination of Price's computer relative to that investigation are unknown. However, he asserts that the government failed to inform the grand jury that the prior investigation was closed due to insufficient evidence. Price offers no evidence that any information about the investigation in 2000 was actually presented to the grand jury.[1] He merely speculates that such information may have been presented because some information about the investigation was contained in an affidavit in support of a search warrant. Under teh circumstances, Price has failed to demonstrate that he is entitled to review the grand jury transcripts. Accordingly, his motion should be denied.

---

[1] The undersigned attorney for the United States has reviewed the grand jury transcripts in this case and confirmed that no testimony was presented to the grand jury about the FBI investigation in 2000.

**STATEMENT OF FACTS**

In December and January 2010, undercover police officers from the Martin County Sheriff's Office and Ft. Lauderdale Police Department searched the internet for individual computers advertising child pornography files on a file sharing network. From these investigations, law enforcement identified a computer using a particular IP address (hereinafter "target IP address") participating in the possession and/or distribution of child pornography files. Utilizing a law enforcement software program, law enforcement connected with and browsed the user's publically available shared folder at the target IP address. From that process, law enforcement observed hundreds of files being offered for download. Many of the file names indicated child pornography. Law enforcement downloaded multiple files directly from the target computer and confirmed that they contained images of children engaged in sexually explicit conduct. Records from AT&T Internet Services indicated that the target IP address was subscribed to Price's residence.

On January 20, 2010, Ft. Lauderdale Detective Robery Mauro received information that the FBI field office in Baltimore, Maryland had information regarding Price. FBI reports indicated that on February 14, 2000, Bellsouth Mobility notified the Atlanta FBI Division that the defendant downloaded child pornography from his personal email account into his work station computer hard drive. A computer forensic examination of the hard drive was requested by the FBI. However, the results of the examination was not available at that time. The report indicated that Price retained an attorney and alleged that an unknown person placed the images onto his hard drive. The FBI maintained that Price had exclusive access to the hard drive.

On February 15, 2011, law enforcement obtained a search warrant for Price's residence. The affidavit in support of the search warrant contained information about law enforcement having downloaded child pornography recently files from a computer associated with the target IP address.

The affidavit also contained information that Price resided at the target residence, and that Price had been investigated by the FBI in 2000 for possessing child pornography. The affidavit indicated that the results of the forensic examination of the Price's computer in 2000 was unavailable.

The search warrant was executed the following day. As a result, law enforcement seized numerous media storage devices that contained child pornography. A subsequent forensic examination of the devices revealed numerous child pornography files found within Price's password protected work computer. It also revealed numerous other child pornography images found on personal computers associated with his user name and user specific documents, such as his photo, resume and business related documents.

In or around February 2012, Price's counsel requested the undersigned the attorney for the United States (hereinafter "the undersigned") to provide all reports regarding the FBI's investigation in 2000. Those reports were provided on or about March 2, 2012. In an effort to answer additional questions posed by Price's counsel to the undersigned about the prior investigation, federal agents looked into that prior matter again. Based on that additional review, the United States believes that the prior investigation was closed due to a lack of evidence. On March 5, 2012, the undersigned forwarded that information to Price's attorney.

## LEGAL ARGUMENT

Price requests the Court to order the United States to produce the entire grand jury transcripts to the defense for his review. In support of his request, he incorrectly asserts that the United States may have presented false or misleading testimony to the grand jury about Price having been investigated in 2000 for possessing child pornography without disclosing that the investigation was closed due to insufficient evidence. However, he offers no evidence that any of this information was presented to the grand jury. He merely speculates that it may have been presented to the grand jury

because information about the prior investigation was included in an affidavit in support of a search warrant. Accordingly, his motion should be denied.

Rule 6 of the Federal Rule of Criminal Procedure governs requestes for grand jury transcripts. Rule 6 codifies the principle of grand jury secrecy, but provides some exceptions. Under subsection (a)(3)(E), the Court may authorize disclosure; "(i) preliminary to or in connection with a judicial proceeding; or (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Fed. R. Crim. P. 6(e)(3)(E). Subsection (i) does not apply to the instant case because Price's trial is not a "judicial proceeding" contemplated under this subsection. Subsection (i) traditionally governs "judicial proceedings" that are either collateral or unrelated to the grand jury proceedings. *See e.g. Douglas Oil of California v. Petrol Stops Northwest*, 441 U.S. 211 (1979). If subsection (i)'s "judicial proceedings" encompasses a defendant's trial, then a defendant could always proceed under subsection (i), and subsection (ii) becomes superfluous. *United States v. Loc Tien Nguyen*, 314 F.Supp. 612, 616 (E.D. Va. 2004). The Court should not interpret statutes in a manner that makes some provisions superfluous. *Hibbs v. Winn*, 542 U.S. 88, 101 (2004).

Therefore, Price must proceed under subsection (ii). Under that subsection, defendants have the burden of demonstrating that conduct during the grand jury proceeding may be a basis for a motion to dismis the indictment. Additionally, defendants must make a particularized showing that (1) the need for disclosure is greater than the need for continued secrecy, and (2) the request is structured to cover only material so needed. *Douglas Oil*, 441 U.S. at 222.

Price seeks "grand jury testimony in its entirety (including but not limited to transcripts of witness testimony, transcripts of prosecutor's comments, transcripts of prosecutor's statements, and questions and answers as it related to the grand jury inquiries...)" (DE 32 p. 11). By the breadth of

this request alone, Price fails to meet the requirements set out in *Douglas Oil*.  Price makes no effort to limit the scope of his request.  Courts have found that a request for "all" transcripts fails to be particularized.  *United States v. Armstrong*, 358 F.3d 1327, 1349 (11th Cir. 2004).

Additionally, Price's request for grand jury transcripts is based on information contained in an affidavit in support of a search warrant.  That affidavit contains information about the FBI investigation of Price in 2000 for possession of child pornography.  In particular, it states that the results of the forensic examination of the computer was not available.  However, he offers no evidence that such information was ever presented to the grand jury.  In fact, the undersigned attorney for the United States has reviewed the grand jury transcripts in this matter and confirmed that no such testimony was presented to the grand jury.[2]

Assuming, arguendo, that information about the FBI investigation in 2000 was presented to the grand jury, Price is still not entitled to the grand jury transcripts.  Price's claim that the United States may have mislead the grand jury by eliciting testimony that the results of the prior FBI investigation was not available when, in fact, the investigation was closed due to a lack of evidence fails to meet the requirements of Rule 6(e)(3)(E)(ii).  Such testimony would not support a motion to dismiss based on prosecutorial misconduct.  Detective Mauro's affidavit in support of the search warrant included truthful information that the results of the forensic examination from the prior investigation was unavailable.  Had this information been presented to the grand jury, the grand jury would not have been mislead in any way.  The fact that the United States later disclosed to the defense that the prior investigation was closed due to lack of evidence is not inconsistent with not

---

[2] Counsel for Price has not asked the undersigned attorney for the United States prior to the filing of this motion if any information about the FBI investigation in 2000 was presented to the grand jury.  Had he asked, the undersigned would have informed him that no such information was presented.  Knowing this, Price may have elected not to have filed this motion at all.

having the results of the forensic examination. Those two facts are not mutually exclusive. Therefore, there is no basis for Price to be allowed to invade the secrecy of the grand jury proceedings.

In support of his claim that transcripts are needed to file a motion to dismissed, Price relies on *United States v. Bullock*, 448 F.2d 728, 729 (5th Cir. 1971) and *United States v. Jacobson*, 691 F.2d 110, 116 (2d Cir. 1982). However, both cases are factually dissimilar to the case at bar. In *Bullock*, defendant moved the court for production of the grand jury transcript on the grounds that the indictment was seen and signed only by the foreman of the grand jury, and that 12 or more grand jurors did not concur in the finding and return of the substitute indictment as required by Fed.R.Crim.P. 6(f). *Bullock*, *supra*, 448 F.2d at 728. The district court denied the motion. On appeal, the Fifth Circuit determined that justice required the district court to supplement the record with a copy of the grand jury transcript. *Id.* at 729. If no such transcripts was available, the district court was required to conduct an evidentiary hearing to determine whether the requirements of Fed.R.Crim.P. 6(f) were met. *Ibid.*

In *Jacobson*, two grand juries investigated the defendant's activities. *Jacobson*, *supra*, 691 F.2d at 113. The first grand jury met in 1976 and did not indict. *Id.* The second grand jury met in 1981 and handed down an indictment two days before the statute of limitations was set to expire. *Id.* The defendant filed a motion for production of the 1981 grand jury transcripts based on his belief that the evidence presented that grand jury consisted solely of selected transcripts from the 1976 grand jury. *Id.* The district court reviewed the transcripts and held that the evidence was properly presented. *Id.* at 113-114. On appeal, the Second Circuit found "serious inconsistencies" between the government's brief on appeal and the actual record before the grand jury. Id. at 115. The court remanded the matter for a hearing as to whether the indictment was valid and ordered that

all relevant transcripts of all grand juries be given to the defendant. Id. at 116.

The Courts' findings in *Bullock* and *Jacobson* hardly supports Price's request for grand jury transcripts. Both cases involve legitimate concerns about the propriety of the grand jury proceedings. No such questions are present in the instant case. Furthermore, both cases involve the district court first reviewing the grand jury transcripts in camera to make a determination of whether the transcripts should be turned over to the defense. Price does not request such an in camera inspection. Rather, he seeks to review the transcripts himself to determine whether it contains any information he can use for a motion to dismiss. Neither *Bullock* nor *Jacobson* support such a result.

Price also argues that the United States may have violated his due process rights (DE: 32 p. 7-8). Price claims to have made a "particularized showing that the prosecution in this case prohibited the grand jury from 'undertaking its essential mission' due to misleading and improperly informing the facts" (DE:32 p. 7). No such showing has been made. The only evidence presented by Price is an affidavit in support of a search warrant. He offers no evidence that this information was ever presented to the grand jury. Furthermore, he offers no explanation as to how this information would have mislead the grand jury.

Finally, Price argues unpersuasively that the government is obligated to turn over the grand jury transcripts because they are *Brady* material. *Brady* requires the government to produce any exculpatory evidence that is material to either guilt or punishment of the accused. *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963). The test for materiality is if the production of the evidence would create a "reasonable probability of a different result." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). The Eleventh Circuit has held in the pre-trial context that "under *Brady*, the Government need only disclose evidence wich, in the eyes of a neutral and objective observer, could alter the outcome of the proceedings." *United States v. Jordan*, 316 F.3d 1251, 1262 (11th Cir. 2003).

Evidence that insufficient evidence existed to charge Price with crimes relative to an unrelated investigation that occurred eleven years earlier is neither exculpatory nor material to the issue of guilt or punishment relative to the charged crimes. Furthermore, the government has turned over this information to the defense. Therefore, even if the evidence is exculpatory and material, the government has fulfilled its discovery obligations under *Brady*. Price's claim that the grand jury transcripts are somehow *Brady* material because they may contain information about a prior unrelated investigation is simply false.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By:  s/ Mark Dispoto
      Mark Dispoto
      Assistant United States Attorney
      500 East Broward Blvd.
      Ft. Lauderdale, FL 33301
      Tel: (954) 660-5786; Fax: (954) 536-7213
      Email: Mark.Dispoto@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

 s/ Mark Dispoto
Mark Dispoto
Assistant United States Attorney