UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60016-CR-KMW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Response to Defendant's** |
| | ) | **Motion to Suppress** |
| James E. Price, III | ) | |
| Defendant. | ) | |
| | ) | |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS

Defendant James E. Price, III, has filed a Motion to Suppress all computer and digital evidence seized from him in Plantation, Florida, on February 16, 2011 [DE-33]. Price narrowly attacks the search warrant affidavit by arguing that the government failed to present complete facts to the magistrate concerning the outcome of an investigation of him for possible child pornography related activities in 2000. Price does not contest that two independently operating law enforcement officers in the State of Florida identified him as a suspect for trading child pornography in late December 2010 and January 2011 using established investigative techniques. Price does not offer any proof that the government presented false information concerning the prior investigation, and otherwise fails to demonstrate that the magistrate unduly relied on the mention of that investigation in the affidavit. The magistrate issued a valid search warrant based on an ample showing of probable cause by the affiant that Price was engaging in child pornography activities. Accordingly, the defense motion should be denied.

1

## STATEMENT OF FACTS

In December and January 2010, undercover police officers from the Martin County Sheriff's Office and Ft. Lauderdale Police Department searched the internet for individual computers advertising child pornography files on the Gnutella file sharing network. From these investigations, law enforcement identified a computer using a particular IP address (hereinafter "target IP address") participating in the possession and/or distribution of child pornography files. Utilizing a law enforcement software program, law enforcement connected with and browsed the user's publically available shared folder at the target IP address. From that process, law enforcement observed hundreds of files being offered for download. Many of the file names indicated child pornography. Law enforcement downloaded multiple files directly from the target computer and confirmed that they contained images of children engaged in sexually explicit conduct. Records from AT&T Internet Services indicated that the target IP address was subscribed to Price's residence.

On January 20, 2010, Ft. Lauderdale Detective Robert Mauro received information that the FBI field office in Baltimore, Maryland, had information regarding Price. FBI reports indicated that on February 14, 2000, Bellsouth Mobility notified the Atlanta FBI Division that the defendant downloaded child pornography from his personal email account into his work station computer hard drive. A computer forensic examination of the hard drive was requested by the FBI. However, the result of the examination was not available at that time. The report indicated that Price retained an attorney and alleged that an unknown person placed the images onto his hard drive. The FBI maintained that Price had exclusive access to the hard drive.

On February 15, 2011, law enforcement obtained a search warrant for Price's residence. The affidavit in support of the search warrant contained information about law enforcement

having recently downloaded child pornography files from a computer associated with the target IP address. The affidavit also contained information that Price resided at the target residence, and that Price had been investigated by the FBI in 2000 for possessing child pornography. The affidavit indicated that the results of the forensic examination of the Price's computer in 2000 were unavailable.

The search warrant was executed the following day. As a result, law enforcement seized numerous media storage devices that contained child pornography. A subsequent forensic examination of the devices revealed numerous child pornography files found within Price's password protected work computer. It also revealed numerous other child pornography images found on personal computers associated with his user name and user specific documents, such as his photo, resume and business related documents.

In or around February 2012, Price's counsel requested the attorney for the United States provide all reports regarding the FBI's investigation in 2000. Those reports were provided on or about March 2, 2012. In an effort to answer additional questions posed by Price's counsel to the undersigned about the prior investigation, federal agents looked into that prior matter again. Based on that additional review, the United States believes that the prior investigation was closed due to a lack of evidence. On March 5, 2012, the prosecution forwarded that information to Price's attorney.

## **LEGAL ARGUMENT**

Price asks this court to suppress all computer and digital evidence seized from his residence based on incomplete information about a previous investigation. The Court of Appeals for the 11th Circuit addressed this issue in *United States v. Jenkins*, 901 F.2d 1075 (1990).

According to the analysis in *Jenkins*, Price has not made a showing that his claim merits suppression of evidence.

Price correctly cites to *Franks* et al. in his motion [DE-33, page 3] that the defendant must first show that there are misrepresentations in a search warrant affidavit, and then the court must decide whether there was still probable cause despite the false information. *Franks v. Delaware*, 438 U.S. 154, 171 (1978).[1] However, Price does not make any arguments applying *Franks* to the facts of this case, nor address its application in *Jenkins*. Price has offered no proof that the affiant "knowingly or recklessly left out facts" regarding the 2000 investigation and that "inclusion of the facts would have prevented a finding of probable cause." *Jenkins*, 901 F.2d at 1079-80, *citing United States v. Sims*, 845 F.2d at 1571; *United States v. Kirk*, 781 F.2d 1498, 1502 (11th Cir.1986). The affiant apparently informed the magistrate that he did not know the outcome of the investigation. Price must offer more than speculative allegations of government misconduct; instead, he only argues that "without more information the magistrate could have inferred Mr. Price's guilt in that 2000 case." [DE-33, page 5]. The magistrate could have just as likely inferred Price's innocence since no information was presented to suggest Price was convicted. Price has not submitted any affidavits or witness statements, nor offered any reasons in support of a position that the affiant lied about the outcome of the investigation or that the magistrate was overly influenced by the minimal reference to the 2000 investigation as opposed to the details of the recent activity by law enforcement. *See Franks*, 438 U.S. at 171.

---

[1] The Court explained the requirements of the defense motion in *Franks*: "There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient…. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks*, 438 U.S. at 171.

Assuming *arguendo* that the affiant intentionally or recklessly presented misleading or false information to the magistrate, Price must still show that the other facts contained in the affidavit did not establish probable cause to support a search warrant. In *Illinois v. Gates*, 462 U.S. 213, 235 (1983), the Supreme Court held that probable cause, "according to its usual acceptation, means less than evidence which would justify condemnation… it imports a seizure made under circumstances which warrant suspicion." The Court further explained that "it is clear that only probability, and not a *prima facie* showing of criminal activity is the standard for probable cause." *Id.* Here, even if the reference to the investigation of Price in 2000 were omitted, or if the magistrate had been told that it had been closed due to lack of evidence, probable cause still existed to search his computers and digital media. *See Jenkins*, 901 F.2d at 1080. Two separate law enforcement officers had identified Price as an investigative target for trading child pornography. Both officers logged into Price's publicly available shared folder on the Gnutella file sharing network and viewed file names suggestive of child pornography. Both officers independently downloaded child pornography from a computer user at an IP address corresponding to Price's residence in Plantation, Florida. The affiant provided significant details about these activities before mentioning that Price was also the subject of an investigation in 2000. That mention has no effect on the other facts presented in the affidavit and certainly does not invalidate the finding of probable cause by the magistrate based on the more recent investigation. *See United States v. Sims*, 845 F.2d 1564, 1571 (11th Cir.), *cert denied* 488 U.S. 957 (1988) (holding that "[i]nsignificant or immaterial misrepresentations or omission will not invalidate a warrant."). Historical information such as a prior investigation is often included to overcome staleness, which was not a concern in this case because the supporting law

enforcement investigation was only a few weeks before the search warrant was issued. Price apparently does not even contest the other facts in the affidavit or their timeliness.

The defense motion fails to show either that the government deliberately withheld material facts from the magistrate that would have impacted a finding of probable cause. Furthermore, Price offers no evidence or arguments to contest the vast majority of the search warrant affidavit, which details recent activity by law enforcement investigating him for trading child pornography. Those facts establish probable cause independently of any reference to the 2000 investigation. For these reasons, the defense motion to suppress should be denied.

                                              Respectfully submitted,

                                              WIFREDO A. FERRER
                                              UNITED STATES ATTORNEY

By:      s/ *Thomas Franzinger*
                                              Trial Attorney
                                              Florida Bar #17674
                                              U.S. Department of Justice
                                              Criminal Division
                                              Child Exploitation and Obscenity Section
                                              Tel: (202) 616-1951

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on October April 2, 2012, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF.

                                         s/*Thomas Franzinger*
                                    Department of Justice Trial Attorney