B"H

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

JAN 04 2015

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

The United States of America - PLAINTIFF §
§
v. §
§
James Price - DEFENDANT §
§
_____ §

Case No. 12-60016-CR-KMW

## PRO SE MOTION FOR NEW TRIAL

The Pro Se Defendant, James Price ("Defendant"), respectfully moves this Court under the Federal Rules of Criminal Procedure, Rule 33(b)(1) for an order granting the Defendant a new trial and as grounds, states as follows:

## I.  SUMMARY OF MOTION

1. The Defendant is entitled to a new trial on the grounds of a) newly discovered evidence, b) the conviction included [was based on] the use of false evidence, tampered evidence and the use of false testimony, c) the withholding and suppression of exculpatory evidence as discussed in detail in the sections below.

## II. STANDARDS OF REVIEW

2. The standard to prevail on a FED R. CRIM P. 33 motion for new trial, based on newly discovered evidence, the defendant must satisfy a five (5) part test:

   A.  The evidence must be newly discovered

   B.  The failure to discover the evidence sooner must not be the

result of a lack of diligence on the defendant's part

C. The evidence must be material to the issues at trial

D. The evidence must be neither cumulative nor merely impeaching

E. The evidence must indicate that a new trial would probably result in acquittal

3. Further, a motion for new trial based on newly discovered evidence may be granted only if four (4) criteria are met:

A. The evidence is newly discovered and not known to the defendant at the time of the trial

B. The newly discovered evidence is material

C. The defendant's failure to learn of the evidence in time for use at trial was not the result of his lack of diligence

D. The newly discovered evidence will probably produce an acquittal at the new trial

4. If the resulting conviction included testimony the Government knew or should have known was perjured, a new trial will result if the testimony was **at all material**.  The defendant must show:

A. There was perjury i.e. meaning it entailed not only **false testimony** but also an additional element of **intent**

B. The perjury was discovered after the trial, despite the defendant's diligence

C. There is a "reasonable likelihood" that evidence of the perjury would have affected the guilty verdict

5.  In all cases in which a motion for new trial is based on a claim
    of perjury, the defendant has the burden of establishing **actual
    perjury**

6.  Prosecutorial suppression of exculpatory evidence **will justify a
    new trial.**  The failure to disclose evidence that is clearly exculpatory
    is a violation of due process that entitles the defendant to a new
    trial.  Non-disclosure justifies a new trial only for exculpatory
    evidence that is material to the issue of guilt or innocence, thus
    if it "creates a resasonable doubt that did not otherwise exist".
    The defendant **does not** have to show that the undisclosed exculpatory
    evidence has a high probability of producing a different result
    in a new trial **but only** whether the evidence creates **some reasonable
    doubt** that would not otherwise exist.  Undisclosed evidence that
    goes to the credibility of a witness **may be sufficient** to justify
    a new trial.

## III.  FACTS AND CASE BACKGROUND

7.  While many defendants claim Government witnesses offer false testimony
    and or false evidence to gain wrongful convictions, it is a rare
    case where the Government, through its own errors, aids the defendant
    in bringing these types of misconduct to light.  After the verdict
    in the instant case, the Defendant obtained copies of all trial
    exhibits, including those **not disclosed despite a Standing Discovery
    Order (DE16)** and through an order of this Court, an **original** copy
    of the Verizon Wireless records, also not disclosed pre-trial by

the Government.  Through the scrupulous review of all Government
evidence, documents, statements and disclosures, many released only
after trial, the Defendant discovered compelling, material and exculpatory
evidence.

8.    During the appellate process, in response to the Defendant's on-
going accusations of Government misconduct, the Government's own
appellate counsel introduced key evidence the Government's trial
counsel **withheld** from discovery and sought to keep **out of the record.**
The evidence, the Property Sheets from the search warrant, were
released by the Government's appellate counsel, unaware of the profoundly
conflicting and exculpatory evidence they contained (See Attachment
1).

9.    The Defendant had long maintained the Government's linchpin evidence
and the only evidence alleged to link Price to the alleged crime,
a BlackBerry Model 9550, had been falsified, was **not his phone,**
and that his [Price's] mobile number (305-970-4902) was assigned
to his **Apple iPhone.**  During Price's trial the Government introduced
a subpoena from his wireless provider, Verizon Wireless, that purported
to show Price's mobile number and to establish the phone i.e. the
specific physical device, to which it was assigned.  The Government
had **not** previously disclosed the **original** Verizon Wireless subpoena
despite the Standing Discovery Order (DE16).  Thirty-one (31) exhibits
later the Government introduced an **unsigned** device report that purported
to be an extract of data from the BlackBerry Model 9550; similarly,
the Government had not disclosed the actual BlackBerry Model 9550

(or even its existence), any alleged data from the device nor the **unsigned** device report in discovery.

10. The Government's trial exhibit #41 of the alleged BlackBerry Model 9550 data appeared to show Price's mobile number (305-970-4902) assigned specifically to the BlackBerry Model 9550 by **Electronic Serial Number (ESN)**, the unique identifier "burned" into the phone's hardware by the manufacturer.  The alleged messages from the backup (data) file were then effectively linked to the BlackBerry by ESN, the BlackBerry to the mobile number, the mobile number to the data file, the file to the computer, the computer to the alleged hard drive and thus all to Price.

11. The Government maintained that Price owned, operated and controlled all the devices despite an abject lack of **any** physical (fingerprint or DNA) evidence in the case, witnesses or any records of purchase or ownership.  The Government suppressed and withheld a statement of ownership of the TabletPC (IBM) by a third party (See Affidavit at Attachment 2).  The Government offered no explanation as to how Price allegedly used a **touchscreen only** model BlackBerry and a **touchscreen** TabletPC configured for **fingerprint** authentication (login) without leaving any traces of fingerprints or DNA.

12. The Government however, knew there were problems with the evidence alleged against Price.  Prosecutors knew the **original** Verizon Wireless subpoena showed a **different Electronic Serial Number (ESN)**, the permanent, unique  manufacturer's identifier used by cellular companies to

track mobile devices, from that of the alleged BlackBerry Model
9550 (See Attachment 3).  The **original** Verizon Wireless subpoena
showed Price's mobile number (305-970-4902) was in fact assigned
(by Verizon Wireless) to Price's **Apple iPhone**, as Price had consistently
maintained.  The very same Apple iPhone listed on the Government's
**Property Sheets** from the search warrant and were **signed by** the Government's
lead agent and chief witness in the case, Agent **Robert Mauro**.  Perhaps
more damning is the Property Sheets clearly show agents seized a
BlackBerry Model 9530, a different model phone, with a different
Electronic Serial Number (ESN), than the BlackBerry Model 9550 introduced
as evidence (trial exhibit #40) by prosecutors on the direct (false)
testimony of Robert Mauro at Price's trial.

13.  Based on the newly discovered evidence through the Government's
incidental disclosure (as an Attachement, to the Appendix, to the
Supplement, to the Government's Response Brief) together with the
**original** copy of the Verizon Wireless subpoena through this Court,
Price worked backwards as the Government's case began to unravel.
A close comparison of the Government's **trial version** of the Verizon
Wireless subpoena to the **original** Verizon Wireless subpoena revealed
the Government had **preemptively redacted** the subpoena, without notice
to this Court or the Defendant to conceal the **Device ID** column and
the **ESN** data that identified Price's **Apple iPhone**.  Given the irrefutable
evidence the  BlackBerry Model 9550, the Government's linchpin evidence
allegedly tying Price to the alleged crime had been falsified, all
evidence and testimony related to the BlackBerry Model 9550 was
**tainted** and subject to review and scrutiny.

14. At Price's trial and subsequently at his sentencing the Government unabashedly introduced a series of text messages allegedly from the BlackBerry that purported to have been between Price and his oldest (then sixteen (16) year old) son.  The Government unquestionably knew these messages were false and **chose** to use them anyway.  The messages were alleged to establish a "timeline" placing Price at the scene of the crime and the computer.  Each of the messages introduced by the Government included a digest value, a digital fingerprint, used to authenticate each message as "true, accurate and authentic". When the digests, the digital fingerprints **not disclosed in discovery,** of each message were compared post-trial, they were found to be **invalid,** meaning a mathematical analysis of the message digests **further proved** the messages had been falsified or wholly manufactured. Additionally, the digests established the messages **could not** have come from the BlackBerry.  In the words of G.H. Hardy, "Archimedes will be remembered when Aeschylus is forgotten because languages die and mathematical ideas do not."

15. A further review of the Verizon Wireless records revealed yet another anomaly in the Government's evidence, Verizon Wireless had **no record** of any of the messages alleged by the Government to have been sent by Price or by **any device,** including that of his son's phone, the alleged recipient of the messages.  Likewise, BlackBerry Corporation had **no record** of any of the messages alleged by the Government.

16. Despite having requested access to Price's **only** devices, his iPhone

and iPad (as listed on the Government's Property Sheets at Attachment

1), the Government refused to disclose the devices, (software) images

of the devices or **any** of the data and metadata they contained under

the Standing Discovery Order (DE16).  The Government was acutely

aware due to the nature of Price's work his iPhone and iPad collected,

stored (on the device) and transmitted **highly accurate** spatiotemporal

(location and time) data and metadata.  The Government was also

aware Price's iPhone and iPad contained more than forty thousand

(40,000) spatiotemporal records and some six thousand (6,000) digital

photos with Geo-Tag (GPS location information) **and facial recognition**

**data** linked to the more than three thousand (3,000) contacts (names,

addresses, phone numbers, email addresses, **security certificates,**

**encryption keys**, etc.) Price voluntarily provided pre-indictment

to the Government.  All the data and metadata withheld and suppressed

by the Government was known [to Prosecutors] to directly conflict

with the testimony of Government witnesses (Mauro, McCoy and Burtnett).

The Government refused to disclose the data and metadata and maintained

**exclusive possession** of both the devices and the data and metadata

throughout Price's trial.


## IV.  GROUNDS FOR RELIEF


17.  Despite due diligence in the pre-trial investigation of this case

and considerable efforts to discover and obtain through the Standing

Discovery Order (DE16) the use of all relevent evidence in this

matter, the Defendant was unable to present evidence and information

that was either in the exclusive possession of the Government or

did not exist in the quantam of evidence as defined by the Government's disclosure.

18. The newly discovered evidence was discovered after the verdict in this case when in part, the Defendant sought an **original** copy of the electronic records request by order of this Court and in part through an incidental disclosure by the Government as an Attachment, to the Appendix, to the Supplement, to the Government's Response Brief during the direct appeal procedings.

19. The newly discovered evidence contains clear and convincing evidence the Government knowingly and willfully presented false evidence, offered testimony known or reasonably known to be perjured, tampered evidence and suppressed plainly exculpatory evidence.

   A. The Government introduced false evidence and manufactured evidence known or reasonably known to the Government to be false in the Defendant's Federal Criminal trial.  **All** records known and in the Government's **exclusive possession,** indicated the cellular device i.e. the BlackBerry Model 9550, offered as Government's trial exhibit #40 and the **unsigned** device report offered as Goverment's trial exhibit #41, including the specific report contents i.e. the text and email messages were manufactured or otherwise falsified by the Government.

   B. The Government knowingly and willfully introduced testimony known or reasonably known to the Government to be perjured.

Specifically, Marc Stuart Anton, Thomas Franzinger and Mark Dispoto illicited testimony known or reasonably known to be perjured from Government witnesses: Robert Mauro, Tina McCoy and Jeanne Burtnett in the Defendant's Federal Criminal trial **and** before the Grand Jury.

C.  The Government knowingly and willfully engaged in evidence tampering i.e. changing, modifying or otherwise altering evidence from its original form or content and subsequently offered them as evidence in the Defendant's Federal Criminal trial. Specifically, Marc Stuart Anton, Thomas Franzinger, Mark Dispoto, Robert Mauro and Tina McCoy altered the contents of an electronic records request i.e. the Verizon Wireless subpoena, offered as Government's trial exhibit #10, by redacting (concealing) the **Device ID** and the **Electronic Serial Number (ESN)** recorded to avoid disclosing a material and plainly exculpatory **mis-match** of the ESN data. Additionally, the aforementioned parties altered the (digital) contents of the computer(s) and hard drive(s) offered as evidence in the Defendant's Federal Criminal trial by altering and or **adding** one or more files, data and metadata on the device(s).

20.  The newly discovered evidence is not merely cumulative evidence already in the record nor is the evidence merely impeaching in character but is both overwhelmingly material and of such a profound nature that if received at the trial, would have resulted in a verdict of **acquittal.**

V.  ARGUEMENT AND MEMORANDUM OF LAW

21.  Evaluation of new evidence, "The 5 Part Test":

A.  Evidence must be newly discovered, as the two (2) key elements
    of new evidence were discovered post-trial i) through a subpoena
    of the **original** Verizon Wireless records and ii) through the
    Government's own appellate disclosure of the Property Sheets
    from the search warrant, thus the evidence is newly discovered.

B.  The failure to discover evidence sooner must not be the result
    of a lack of diligence on the defendant's part.  As the Government
    disclosed neither the **original** Verizon Wireless subpoena nor
    the device i.e. the BlackBerry Model 9550 (or even its existence)
    in discovery, the Defendant had **no expectation** to defend against
    alleged evidence which in the case of the BlackBerry Model
    9550 **did not exist,** thus no level of diligence could foresee
    the non-existent.

C.  The evidence must be material to the issues at trial.  The
    Government acknowledged all the evidence alleged against Price
    was in fact **circumstantial.**  The linchpin evidence of the
    Government's wholly circumstantial case hinged on linking
    Price's mobile number from the subpoena to the BlackBerry
    Model 9550, the BlackBerry Model 9550 to the backup data file,
    the data file to a  computer, the computer to a hard drive
    and thus Price to the alleged crime.  The Government's entire

case was built and **depended** on linking Price to the BlackBerry
Model 9550 and to an otherwise highly improbable and tenuous
string of circumstantial inferences on inferences.  As such,
the revelation of the newly discovered evidence established
the BlackBerry Model 9550 was in fact **wholly manufactured**
by the Government and that all the testimony and evidence
allegedly from and related to it [the BlackBerry Model 9550]
was as a fortori unequivically perjured, falsified and therefore
is unquestionably material to the issues at trial.

D.  The evidence must be neither cumulative nor impeaching.  The
discovery that key evidence and testimony was falsified (manufactured
and tampered) and perjured is neither cumulative nor impeaching
but overwhelmingly exculpatory.

E.  The evidence must indicate that a new trial would probably
result in an acquittal.  Given the profound nature of the
evidence and testimony now **proven** to be false and perjured
i.e. the BlackBerry Model 9550 that formed the basis upon
which the Government's wholly circumstantial case rested,
there is no conceivable circumstance where either the absence
of these elements from a new trial or a reasonable trier of
fact's knowledge of the falsified evidence, perjured testimony
and withheld (exculpatory) evidence that would result in any
other result but a **full and complete acquittal** (See United
States v. Green, 2015 U.S. Dist. LEXIS 69000 (11th Cir. 2015)
motion for new trial granted for tainted testimony).

22. A motion for new trial based on newly discovered evidence may be granted only if four (4) criteria are met:

A. The evidence is newly discovered and not known to the defendant at trial. As the evidence was never disclosed pre-trial and was, regarding the BlackBerry Model 9550, in fact non-existent, it was therefore unknown and could not have been known to the Defendant at trial. Likewise, as a fortori all evidence alleged to be from or related to the BlackBerry Model 9550 was unknown and could not have been known at trial. The key evidence of the falsified (preemptively redacted) Verizon Wireless subpoena and the previously withheld Property Sheets were only discovered post-trial through a new subpoena request through this Court and the subsequent comparison of the records through the Government's own disclosure during the appellate process.

B. The evidence must be material as to the defendant's innocence. The Government's acknowledged circumstantial case was dependent on linking Price to the alleged crime by an incredibly unlikely string of inference upon inference and wholly unsupported by any physical evidence, witnesses or independent records. The newly discovered evidence shows Price not only **did not** but **physically could not** have committed the crime alleged. The **original** (non-redacted) Verizon Wireless subpoena clearly shows Price's mobile number was assigned to his Apple iPhone, thus is was **physically impossible** for Price to have sent or

received any of the messages alleged by the Government to link Price to the alleged crime.  Further, it is **not physically possible** for a backup data file from a phone that was **never seized and with a different Electronic Serial Number (ESN)** to be present on a computer or hard drive where **no software was present to create or use** the file (See Attachment 4). Neither is it physically possible for Price's mobile number to have been assigned to the BlackBerry Model 9550 when it was **already assigned** by Electronic Serial Number (ESN) and clearly indicated as such by Verizon Wireless on the **original** (non-redacted) subpoena to Price's Apple iPhone.

C. There exists a good cause for the lack of earlier discovery. The redaction of the Electronic Serial Number (ESN), the tampering of evidence i.e. the contents of the hard drive(s) by the Government, could not be discovered earlier because the Government failed to disclose the **original** (non-redacted) subpoena in discovery; likewise, the Government failed to disclose  the Property Sheets and notwithstanding the failure to disclose, based on the Government's own evidence (withheld) the original Verizon Wireless subpoena and the Property Sheets, the BlackBerry Model 9550 was in fact **never seized** and did not exist in the case.  Therefore the Government's actions, the active concealment of facts and evidence, prevented the Defendant from discovering the evidence until after trial.

D. The evidence must be persuasive.  The newly discovered evidence

presented to this Court is both clear and compelling to meet
the standard of persuasiveness (See United States v. McRae,
702 F.3d 806, 842 (5th Cir. 2012) where newly discovered evidence
would likely produce an acquittal).  The newly discovered
evidence in the instant case unequivically shows the Government
knowingly and willfully:

i.    Offered evidence known or reasonably known to be false
      i.e. the BlackBerry Model 9550, the backup data file
      and the messages alleged to be from the BlackBerry/backup
      data file (See Donnely v. Christofoco, 40 LED2D 431,
      416 at 637 and Kiger v. United States, 315 F.2d 778
      (CA7 IND) citing 3 L Ed 2d 1991 § 1(a) where the court
      held that knowing use of false testimony by [the] the
      Federal Government violates the U.S. CONST amend. V).

ii.   Offered testimony known or reasonably known to be false
      i.e. all testimony relating to and including testimony
      regarding the introduction of the BlackBerry Model
      9550 and all testimony related to or derived from it
      including the compiled (timeline) exhibits (See Green,
      LFXIS 69000 and Mooney v. Holohan, 294 US 103, 112,
      79 L Ed 791, 55 S. Ct. 340, 98 ALR 406 (1935) where
      the Court held due process prohibits "deliberate deception
      of the court and jury" by prosecutors knowing use of
      perjured testimony and United States v. Kelly, 35 F.3d
      929 (4th Cir. 1994) where the court held a conviction

acquired through the knowing use of perjured testimony
by the Government violates due process).  Further,
the court held this is true regardless of whether the
Government solicited testimonoy it knew or should have
known to be false **or** (emphasis added) simply allowed
such testimony to pass uncorrected.  Even if the false
testimony relates only to the credibility of a Government
witness and other evidence has called that witness'
credibility into question, a conviction must be **reversed**
where there is any reasonable likelihood that the false
testimony could have affected the judgement of the
jury, id. at 929).

iii. Offered evidence known or reasonably known to have
been tampered (altered, changed or modified from its
original state) i.e. computer(s) and hard drive(s)
where one or more files were added or modified and
or where data or metadata had been added or modified
(See Evans v. Virginia, 85 LED2D 319, 471 US 1025 where
the court held "since Napue v. Illinois, 3 LED2D 1217,
360 US 264, this court has adhered to the principal
that a conviction obtained by the knowing use of false
evidence is fundamentally unfair).

iv. Withheld plainly exculpatory evidence i.e. the Defendant's
iPhone and iPad and the exculpatory data and metadata
records contained by the devices (See Brady v. Maryland,

373 US 83 at 87 LED 2d 802 and United States v. Bagley,
87 LED2D 481, 473 US 667 (9th Cir. 1995) where the
courts held the prosecutor's failure to disclose requested
information which the defense could have used to conduct
an effective cross-examination impaired the defendant's
right to confront an adverse witness and therefore
requires an automatic **reversal** (emphasis added) of
his conviction).

23.  If a trial resulting in a conviction included testimony the Government
knew or should have known was perjured, a new trial will result
if the testimony was **at all material** (See United States v. Espinoza,
684 F.3d 766, 780 (8th Cir. 2012) If a conviction results after
the Government has knowingly presented perjured testimony, failed
to correct knowing perjured testimony or has been **patently negligent**
about the perjurious nature of the testimony, **due process requires
a new trial.**  The only thing the Defendant must show is that:

    A.  There was perjury

    B.  The perjury was discovered after the trial, despite the defendant's
       diligence

    C.  There is a "reasonable likelihood" that evidence of the perjury
       would have affected the guilty verdict

See also United States v. Agurs, 427 U.S. 97, 103, 96 S. Ct. 2392,
49 L. Ed. 2d 342 (1976).  Based on the Government's post-trial disclosure
that key evidence had been falsified, manufactured and or tampered,

it is clear the testimony by the Government agents who themselves signed the evidentiary documents and subsequently testified contrary to **their own records**, unquestionably meets the standard for a conviction based on knowingly perjured testimony (See e.g., United States v. Damblu, 134 F.3d 490, 493 (2nd Cir. 1998), when the prosecution was responsible for perjured testimony, "any reasonable likelihood" materiality standard is essential to prevent prosecutorial misconduct). Further in Mooney v. Holohan, (citation omitted) the Court held conviction upon perjured evidence is as much a denial of due process of law as for a state to dominate a court by force or permit it to be dominated by mob violence, since in all these instances, while there is the form of a hearing, a hearing in substance within the meaning of due process of law, is denied.

24. In all cases in which a motion for new trial is based on a claim of perjury, the defendant has the burden of establishing actual perjury. See Espinoza, 684 F.3d at 780 where the court held that perjury entails not only false testimony but also an additional element of intent. In order to demonstrate a witness committed perjury, a defendant must show the witness provided false testimony concerning a matter with willful intent to provide false testimony rather than as a reasult of confusion, mistake or faulty memory. The perjury regarding the BlackBerry Model 9550, the messages and the backup data file all stem from the Government's own records, the Property Sheets (withheld), the redacted [trial version] Verizon Wireless subpoena (tampered) and the BlackBerry Model 9550 device itself (manufactured). Agents Mauro and McCoy were physically present

and acknowledged responsibility for the chain of custody of all
seized evidence in direct testimony.  Agent Mauro himself **signed
the Property Sheets** and Agent McCoy testified she assumed custody
of the evidence directly from Mauro.  Therefore when the Government
introduced both the Verizon Wireless subpoena and the BlackBerry
Model 9550 on the direct testimony of Agent Mauro, the perjury was
plain and done with the rehearsed and willful intent [with prosecutors]
to provide false testimony.  Maruo held up the device [the BlackBerry
Model 9550] in this Court as a sworn witness and testified to a
piece of evidence of which he was **directly and personally** aware,
as the seizing agent, was in fact **never** seized, was without any
chain of custody and in direct conflict with the Property Sheets
that he, as Lead Agent in the case and Chief Witness for the Government,
**had himself signed** (See United States v. Rivera, 2012 U.S. Dist.
LEXIS 85090, at *38 (E.D.N.Y. June 18, 2012) when [a] new trial
motion focuses on perjury of [a] witness, [the] threshold [of] inquiry
is whether [the] evidence demonstrates the witness actually committed
perjury).  Likewise, Agent McCoy's perjury was equally plain and
rehearsed as she testified to having examined and generated a report
on a backup data file, she identified by serial number, which she
as a property custodian, was aware did not exist in any evidence
record.  Additionally, Agent McCoy admitted as an "Expert Witness"
had reviewed the Verizon Wireless records and testified falsely
regarding the messages, fully aware the Verizon Wireless records
clearly showed **no such messages existed.**  Thus in light of the evidence
known to the Government [Mauro, McCoy and Prosecutors] but suppressed,
no reasonable person (trier of fact) could have believed her [their]

testimony (See <u>United States v.Reinhold</u>, 20 F.Supp. 2d 541, 550-552 (S.D.N.Y. 1989)).

25.  Prosecutorial suppression of exculpatory evidence **will justify a new trial.**  Under the landmark decision in <u>Brady</u>, the prosecution has a Constitutional obligation to turn over to the defendant evidence in its possession that is both favorable to the defendant and material to the issue of guilt or punishment.  The failure to disclose evidence that is clearly exculpatory is a violation of due process that entitles the defendant to a new trial, regardless of whether the defendant has asked for it by specific description, made a general request e.g., the Standing Discovery Order (DE16) for disclosure of exculpatory evidence or failed to make any request at all (See <u>Agurs</u>, cite omitted, "there are situations in which the evidence is obviously of such substantial value to the defense that elementary fairness requires it to be disclosed even without a specific request." See also <u>In re Kline</u>, 2015 BL 100515 D.C. No. 13-BG-851, April 9, 2015).  Thus the Government's failure to disclose the mis-matched Electronic Serial Number (ESN) data, the unmatched fingerprint and DNA information and all of the data and metadata constitutes a clear Constitutional violation, meeting the standards as being both favorable and material. This relaxed materiality standard under <u>Brady</u> required only that there be a "reasonable probability" that had the evidence been disclosed to the defense, the result of the proceeding would have been different (See <u>Bagley</u>, citation omitted, a reasonable probability sufficient to undermine the confidence in the outcome).  See also <u>United States v. Doe</u>, 2013 U.S. App. LEXIS 2193, at *42 (9th Cir. Jan. 31, 2013)

to grant a defendant a new trial on a Brady violation, the court must determine that the documents, if favorable to the defendant, undermined its confidence in the outcome and that there was "a reasonable probability" of a different result [citing Bagley]. It is without question that had a reasonable trier of fact known:

A.  The Verizon Wireless subpoena (original) showed the Defendant's mobile number (305-970-4902) was assigned to his [Price's] Apple iPhone **not** the falsified BlackBerry Model 9550

B.  The Verizon Wireless records showed **no such messages existed**

C.  The **no BlackBerry Model 9550** was ever seized or in evidence

D.  The Price's iPhone and iPad contained some 40,000 Cell Site Location Information (CSLI) records and some 6,000 GPS encoded photos placing Price out-of-state and other locations when the alleged crime took place

E.  That **no fingerprints or DNA** belonging to **Price** were found on any evidence but that other fingerprints/DNA, withheld by the Government, were present and visible in evidence photographs

This suppressed evidence, withheld from discovery would have created not only reasonable doubt that otherwise would not have existed but also would lead    to a different result [acquittal] in a new trial. Furthermore, unlike the normal, new evidence motion for new trial, the type of evidence that will justify a new trial is not limited to evidence directly affecting guilt or innocence. Undisclosed evidence that goes only to the credibility of a witness may be sufficient to justify a new trial (See Giglio v. United States,

405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1974) where
the Court held when the "reliability of a given witness [notably
Mauro and McCoy] may well be determinitive of guilt or innocence"
non-disclosure of evidence affecting credibility falls within this
general rule).

## VI.   CONCLUSION

26.  Like other human institutions, courts and juries are not perfect.
One cannot have a system of criminal punishment without accepting
the possibility that someone will be punished mistakenly.  That
is a truism, not a relevation, quoting the opinion in Kansas v.
Marsh, 165 LED2D 429.  In a similar vein, A.M. "Marty" Stroud, Partner
at Barham, Warner, Stroud, LLC, brought a greater clarity to this
in his comment, "A commitment to win at all costs dangerously increases
the risk of wrongful convictions.  The other part is inconsistency
in investigating Brady violations, which usually require judicial
intervention.  Most of the time, judges take prosecutors at their
word without further questioning."  While it is accepted fact that
courts do not favor motions for new trial, in the instant case it
is the juxtaposition of the interests of justice over the the rule
of finality that brings the pressing need for the granting of a
motion for new trial into clear focus.  Exceptional circumstances
occur only in situations where the testimony contradicts indisputable
facts or physical laws, as is does in the instant case (See United
States v. Kuzniar, 881 F.2d 466, 470-1 (7th Cir. 1989)).  When the
verdict is against the weight of the evidence, as it clearly is

in the instant case, it constitutes an "extraordinary" or "Exceptional" case where a miscarriage of justice has occurred (See also Tibbs v. Florida, 457 U.S. 31, 38 n.12, 102 S. Ct. 2211, 72 L. Ed. 2d 652 (1982), United States v. Lincoln, 630 F.2d 1313 (8th Cir. 1980) and United States v. McBride, 862 F.2d 1316 (8th Cir. 1988)).  The evidence, particularly the newly discovered evidence, in this case makes clear that absent the false evidence and false testimony, the evidence was insufficient for a reasonable trier of fact to support a criminal conviction (See United States v. Della Rose, 278 F. Supp. 2d 928 (ND Ill. 2003) aff'd 403 F.3d 891 (7th Cir. 2005)).  In United States v. Holloway, 68 F. Supp. 3d 310 (2014), Judge John Green offered a compelling insight into the challenge of justice, "[T]he difference between a Department of Prosecutions and a Department of Justice. There are injustices in our criminal justice systems, including in this district and they often result from the misuse of prosecutorial power.  Doing justice can be much harder.  It takes time and involves work, including careful consideration of the circumstances...and a willingness to make hard decisions, including some that may be criticized."  Prosecutors vilify, often demonizing those they persecute however, a retrospective view of this type of conduct is poignantly reflected in the words of Primo Levi, "Monsters exist but they are too few in number to be truly dangerous.  More dangerous are the common men, the functionaries ready to believe and act."

27. Notwithstanding the evidence and arguments presented herein pursuant to FED R. CRIM. P 33, it is within this Court's discretion to proceed Sua Sponte and set these proceedings under applicable statutes.

Further, given both the technical nature of the new evidence and the Government's demonstrated pattern of illusory conduct, the Defendant respectfully requests this Court set a hearing in this matter.

**WHEREFORE,** in view of the foregoing, the Pro Se Defendant, respectfully requests this Court GRANT the Defendant's Pro Se Motion for New Trial on the grounds of new evidence, perjury and suppression of evidence.

Respectfully Submitted,

James Price - 98922004
Pro Se Defendant
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177



# PROPERTY RECEIPT

LAB #

| ABANDONED | X EVIDENCE | SAFEKEEPING | FORFEITURE HOLD |

Case #: BS11.02.3805
Date and Time Received: 2/16/11 7:30 Am
Investigating Unit/Agency: BSO / FT LAUD
Offense: ICAC

NCIC.FCIC Agency.

Agency Case #

Suspect:   Address: 9288 Chelsea Drive South   Race/Sex   DOB
Suspect:   Address: Plantation, FL   Race/Sex   DOB
Found By:   Address:   Race/Sex   DOB
Owner/Claimant:   Address:   Race/Sex   DOB
Victim's name (if applicable):   Address:   Telephone #

| Item Number | Number of Items | DESCRIPTION |
|---|---|---|
| 1 | 1 | MAXTOR EXT. HARD DRIVE #2HAS9YH1 W/CORD |
| 2 | 1 | IBM ThinkPAD LAPTOP # LVA5423 |
| 3 | 1 | 2gig Storage Device "System Center" |
| 4 | 1 | iPhone in black case w/cord (BSWD 2070) |
| 5 | 1 | Blackberry - Verizon w/micro SD in case |
| 6 | 1 | FLIP VIDEO CAMERA |
| 7 | 1 | MP3 - Zune 120gig #445952683315 w/case |
| 8 | 1 | Blackberry 9530 PIN #30485768 w/case |
| 9 | 1 | Motorola MODEL Q - cell phone #SJUG2715AB |
| 10 | 1 | Blackberry - #07014566325 w/case |

I hereby acknowledge the above list represents all the property taken from my possession

X _____
RECEIVED BY   Signature

I hereby acknowledge the above list represents all property impounded by me

CCN 11764   Dist. ICAC IDLE   Div.
(Impounding Officer's) Signature
Printed Name: Montgomery J R. Mauro
DATE   TIME

NOTE: For further distribution of this form, refer to BSO Policy and Procedures Manual.

BSO RP#54 (Revised 02/08)

ATTACHMENT 1 (1 of 2)

LAB #

# PROPERTY RECEIPT

| ABANDONED | ☒ EVIDENCE | ☐ SAFEKEEPING | FORFEITURE HOLD |
|---|---|---|---|

Case #  BS11-02-3805

Date and Time Received: 2/16/11  7:30 Am

Investigating Unit/Agency: BSO FT. LAUD

Offense: ICAC

NCIC/FCIC Agency

Agency Case #

| | | | | |
|---|---|---|---|---|
| Suspect: | Address: 9288 Chelsea Drive South  Plantation, FL | Race/Sex | DOB | |
| Suspect: | Address: | Race/Sex | DOB | |
| Found By: | Address: | Race/Sex | DOB | |
| Owner/Claimant: | Address: | Race/Sex | DOB | |
| Victim's name (if applicable) | Address: | | Telephone # | |

| Item Number | Number of Items | DESCRIPTION |
|---|---|---|
| | | pas 48 |
| 1 | 1 | Apple iPad #6B036QMCETV w/case |
| 2 | 1 | MAXTOR Ext Hard Drive #2CAD0LIP w/cord |
| 3 | 1 | HP Computer tower #USH9160165 w/Sandisk card Nextrand card |
| 4 | 40 | CD/DVDs |
| 5 | 1 | Mini CDRW - Sony |
| 6 | 8 | CD/DVDs in black zip case "Global Crossing" w/case |
| 7 | 9 | Cannon Powershot Dig Cam 2623027583 w/case |
| 8 | 1 | External Hard drive in box "Clickfree" |
| 9 | 1 | Seagate Laptop Hard Drive #5MH0GJXB |
| 10 | 1 | Mtron Hard Drive 32gig #30074800007H  LAPTOP HP #CNF9483BWY |

I hereby acknowledge the above list represents all the property taken from my possession

RECEIVED BY
Signature

I hereby acknowledge the above list represents all property impounded by me
CCN 11764  Unit ICAC/DLE  Div

Impounding Officer(s) Signature        1471

Printed Name J. Montgomery/R. Manzo

REASON        DATE        TIME

CURRENCY

NOTE: For further distribution of this form, refer to BSO Policy and Procedures Manual.

ATTACHMENT 1 (2 of 2)

VERIZON ORIGINAL

AO 89 (Rev. 7/95) Subpoena in a Criminal Case

# United States District Court

**Southern** DISTRICT OF **Florida**

UNITED STATES OF AMERICA

v.

JAMES E. PRICE III

**SUBPOENA DUCES TECUM IN A CRIMINAL CASE**

CASE NUMBER: 12-60016-CR-KMW

TO: Verizon Wireless Legal Compliance
Custodian of Records
2701 S. Johnson Street
San Angelo, Texas 76904
Fax: (888) 667-0028

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | COURTROOM |
|---|---|
| Willie D. Ferguson, United States Courthouse | 11 - 3 |
| Judge Kathleen M. Williams | DATE AND TIME |
| 400 North Miami Avenue | March 22, 2013 |
| Miami, Florida 33128-1810 | |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

(1) Subscriber and billing information, wireless device plan, device model, ESN number, IMEI number, all toll records, incoming/outgoing calls, texts, SMS/ MMS, beginning January1, 2009, thru December 2012, for cellular number (305) 970-4902.

(2) Any and all stored cell site data or corresponding geographic location beginning January 1, 2009, thru December 2012, for cellular number (305) 970-4902.

In lieu of appearance, the records can be forwarded to Investigator Jose Vera, 150 West Flagler Street, Suite 1500, Miami, Florida 33130, Tel: (305) 533-4219, Fax: (305) 530-7875, E-Mail: jose_vera@ild.org

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| *[signature]* (BY) DEPUTY CLERK | March 18, 2013 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER
Sowmya Bharathi, Assistant Federal Public Defender
150 West Flagler, Suite 1700
Miami, Florida 33130
(305) 530-7000

---

TRIAL VERSION

CERTIFICATION UNDER FEDERAL RULES OF EVIDENCE
803(6) AND 902(11)
Crim Div/CR OS #2311 0161

I HEREBY CERTIFY that I, ___Brian Ruppert___ am the Custodian
of Records for Verizon Wireless (Cellco Partnership). I further certify that:

1. The attached record, consisting of ___ pages, is a true and correct copy/original record of Verizon Wireless (Cellco Partnership), hereafter "the business," which is maintained by me or under my supervision;

2. It is the regular practice of the business to make and maintain such records;

3. The records were made at or near the time of the life occurrence(s) reflected thereon;

4. The records were made by a person or persons with knowledge, or from information transmitted by a person with knowledge of the matters contained thereon.

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/13/2012__
Date

_____
Signature

Brian Ruppert
Name (typed or printed)

Subpoena Compliance Coordinator
Title

| Searched-Value | Last Name | First Name | Middle Name | Business Name | Addr Line1 | Addr Line2 |
|---|---|---|---|---|---|---|
| 3059704902 | PRICE | JAMES | E | | 9624 NW 7TH CIR APT 1535 | |

The field [Searched-Value] is followed by the field [Device ID] to identify the specific physical device to which a mobile number is assigned.

The Government **redacted** or otherwise modified the **Trial Version** Verizon subpoena to conceal the mis-matched ESN data.

**TRIAL VERSION**

```
GOVERNMENT
EXHIBIT
CASE :
NO. 12-60016-CR-KMW
EXHIBIT
NO.   10
```

**(VERIZON ORIGINAL (**

| Searched-Value | Device Id | Device Type | MTN Status Code | MTN Effective Date | IMEI | 4G Indicator |
|---|---|---|---|---|---|---|
| 3059704902 | 9.50001E+13 | MTN | D | 7/28/2009 | ESN | N |

In the ORIGINAL VERIZON SUBPOENA the field [Device ID] is clearly present and indicates the ESN (in Scientific Notation) of the Defendant [Price's] Apple, Inc. iPhone

ATTACHMENT 3 (3 of 3)

VERIZON ORIGINAL

TRIAL VERSION

(Device ID) ESN in Scientific Notation Format

| Searched-Value | Device Id | Device Type | MTN Status Code | MTN Effective Dat IMEI 4G Indicator |
|---|---|---|---|---|
| 30597049O2. | 9.90E+13 | ESN | D | 7/28/2009   N |

| Addr Line3 | City | State | Zip Code | Contact Last Name | Contact First Name | Contact Middle Initial | Phone No.1 |
|---|---|---|---|---|---|---|---|
| | PLANTATION | FL | | 33524992 PRICE | JAMES | E | 954127293S6 |

ATTACHMENT 3 (3 of 3)

ATTACHMENT 4 (1 of 4)

Government's exhibit clearly shows the device [the BlackBerry Model 9550] Electronic Serial Number (ESN) to be:

**A000001C8R89RE:** A00 = BlackBerry Corporation

Which is mismatched (different) from the ESN on the **Original Verizon Subpoena**

**990001000000000:** 990 = Apple, Inc. (in Decimal)

**5A0A41C8R1100** (in Hexidecimal)
**9.90001E+13** (in Scientific Notation)

---

**GOVERNMENT EXHIBIT**
CASE NO. 12-60016-CR-KMW/MATTHEWMAN
EXHIBIT NO. 4I

---

**IPD Backup (James' Storm-5)**

| Field | Value |
|---|---|
| Device | BlackBerry Backup |
| Retail | BlackBerry |
| Folder | Backup |
| | 4.2.0.442 |
| | 5.0.0.1015 |
| Phone Number | 3059704902 |

| Field | Value |
|---|---|
| Date | MFD2011-27 |
| | SR2011-27-8 |
| | N/A |
| | 6/26/2012 |
| | 12-24-43 PM |
| | N/A |
| | Inspector |
| | 3.7.0.1 |
| | 5-37-23 PM |
| | 6/26/2012 |
| | Inspector |

---

| Field | Value |
|---|---|
| Direction | Outgoing |
| Message type | SMS |
| Folder | Sent |
| Time stamp | 1/12/2011 9:52:20 PM |
| Service Center Time Stamp | 1/12/2011 9:52:20 PM UTC |
| Remote party | Price Jack |
| Phone Number | 9547409545 |
| Description | |
| Text | Nice, not |
| MD5 Hash | 06b528bd14d95ea0e42835ea01ba24e — **Invalid Value** |

| Field | Value |
|---|---|
| Direction | Incoming |
| Message type | SMS |
| Folder | Inbox |
| Time stamp | 1/12/2011 9:43:36 PM |
| Service Center Time Stamp | 1/12/2011 9:43:26 PM UTC |
| Remote party | Price Jack |
| Phone Number | 9547409545 |
| Description | |
| Text | Yea we're coming home wesley ate a handful of sand and they were both throwing sand at each other |
| MD5 Hash | eda6b84ba63dbc6617cc7c8la3dfdf8 — **Invalid Value** |

| Field | Value |
|---|---|
| Direction | Incoming |
| Message type | SMS |
| Folder | Inbox |
| Time stamp | 1/12/2011 9:39:31 PM |
| Service Center Time Stamp | 1/12/2011 9:39:26 PM UTC |
| Remote party | Price Jack |
| Phone Number | 9547409545 |
| Description | Ok |
| Text | c2441c28ff7cdae2b50d4edcec3be1-- — **Invalid Value** |

| Field | Value |
|---|---|
| Direction | Outgoing |
| Message type | SMS |
| Folder | Sent |
| Time stamp | 1/12/2011 9:38:51 PM |
| Service Center Time Stamp | 1/12/2011 9:38:51 PM UTC |
| Remote party | Price Jack |
| Phone Number | 9547409545 |
| Description | |
| Text | If W has to pee, there are bathrooms by the pool |
| MD5 Hash | d110347703027cd5c6d001c1b532efe — **Invalid Value** |

ATTACHMENT 4 (1 of 4)

ATTACHMENT 4 (7 of 4)

| | | |
|---|---|---|
| Folder | | |
| Time s | | 1/12/2011 8:55:47 PM |
| Servic | Time Stamp | 1/12/2011 8:55:40 PM UTC |
| Remot | | Price Jack |
| Phone | | 9547409545 |
| Descr. | | |
| Text | | Im coming back i forgot the key |
| MD5 H | | 65ae85db2cf1acf45c5af3e0996d5dba — **Invalid Value** |

# End of report

Signed by

The report entered into evidence
lacked a typed, printed name
or signature

ATTACHMENT 4 (3 of 4)
Page 1

Oxygen Forensic Suite 2012 - 4.2.0.313

# Device Data Report

**Device details**

| | |
|---|---|
| Device alias: | iTunes Backup (2) |
| Retail name: | Apple iPhone 4 |
| Manufacturer: | Apple |
| Model: | iPhone 4 |
| MEID: | N/A |
| SW revision: | Unknown |
| Boot loader: | Unknown |
| Wi-Fi MAC address: | N/A |
| Bluetooth MAC address: | N/A |
| iTunes display name: | James E. Price III's iPhone |
| Phone number: | (305) 970-4902 |
| IMSI: | N/A |
| ICCID: | N/A |
| Device model: | N/A |
| Time zone: | America/New_York |
| Serial number: | N/A |
| Identificator: | N/A |
| Sim status: | N/A |
| Jail Break: | No |

*Agent Mauro photographed the Defendant's [Price's] iPhone during the execution of the search warrant*

*Government's Evidence Report clearly shows the mobile number (305-970-4902) assigned to the device (iPhone 4)*



ATTACHMENT Case MR-20 3-4, NovD PUA, Apple iTunes Backup (51886edb4a0157e654ebe3cf1a55of6c6ef4647       Oxygen Forensic Suite 2012 - 4.2.0 315

**Device Data Report**

Device details

| Device alias: | iTunes Backup (a7f4f6f5e2c24d8e1baaf1abe90a0d34080dcc9b) |
|---|---|
| Retail name: | Apple iPad |
| Manufacturer: | Apple |
| Model: | iPad |
| S/N: | 012330009136414 |
| SW revision: | Unknown |
| Boot loader: | Unknown |
| Wi-Fi MAC address: | N/A |
| Bluetooth MAC address: | N/A |
| iTunes display name: | Virtual JimmyP's iPad |
| Phone number: | 1 (954) 383-9896 |
| IMSI: | N/A |
| ICCID: | N/A |
| Device model: | N/A |
| Time zone: | US/Eastern |
| Serial number: | N/A |
| Identificator: | N/A |
| Sim status: | N/A |
| Jail Break: | No |
| Device owner numbers: | N/A |

Agent Mauro photographed the
Defendant's [Price's] iPad during
the execution of the search
warrant



ATTACHMENT 4 (4 of 4)



James Price
Federal Correctional
- Institution
P.O. Box 779800
Miami, FL 33177
United States

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

9114 9011 5981 8975 3580 60

Label 400 Jan. 2013
7690-16-000-7948

F-98022-004 =
Clerk Of The Court
Southern District of FL
United States District Court
400 North Miami Avenue
Miami, FL 33128-1819
United States



United States District Court
Southern District of Florida

Case Number: _____ *12 CR 60016* _____

# SUPPLEMENTAL ATTACHMENT(S)

Please refer to the supplemental paper "court file" in the division where the Judge is chambered. These attachments must <u>not</u> be placed in the "chron file".

☐ **NOT SCANNED**

    ☐ Due to Poor Quality

    ☐ Bound Extradition Papers

    ☐ Photographs

    ☐ Surety Bond (Original <u>or</u> Letter of Understanding)

    ☐ CD or DVD (Court Order <u>or</u> Trial Purposes only)

    ☐ Other:_____

☑ **SCANNED**

    ☑ But Poor Quality

    ☐ Habeas Cases (State Court Record/Transcript)

Date: _____ *1/4/2015* _____