UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-62141-CIV-WILLIAMS

JAMES E. PRICE, III,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**THIS MATTER** is before the Court upon Magistrate Judge Patrick A. White's report and recommendation (the "Report"). (DE 7). In the Report, Judge White recommends that the Court dismiss Movant James E. Price, III's *pro se* motion to vacate, but allow Movant to refile after he completes his pending direct appeal of the Court's order (Case No. 12-60016-CR-WILLIAMS, DE 190) denying his second motion for new trial. Before the Report was docketed, Movant executed and filed a sealed notice (DE 12) attaching a copy of a "time sensitive motion to stay proceedings, hold in abeyance, and remand for further proceedings" he filed in his direct appeal.[1] After the Report was docketed, Movant filed sealed objections[2] to the Report, arguing that the Report was based on incomplete information because Judge White was unaware of the sealed notice. (DE 13 at 1-4). Movant also argues that the Court maintains "inherent

---

[1] The Court is unable to locate this "time sensitive motion to stay" on the docket in Movant's direct appeal, Case No. 16-10628 before the Eleventh Circuit.

[2] Movant styles this document as a "motion for reconsideration" and argues that reconsideration of the Report is appropriate pursuant to Rules 59(e) and 60(b). However, the Report is not properly the subject of a motion for reconsideration and so the Court liberally construes Movant's motion as objections to the Report.

jurisdiction" to hear his § 2255 motion pursuant to 28 U.S.C. § 2255(f)(1). (DE 13 at 4-5).

Upon an independent review of the Report, the sealed objections, and the record, the Court finds that it is without jurisdiction to consider Movant's § 2255 motion while his direct appeal remains pending. See Blair v. United States, 527 F. App'x 838, 839 (11th Cir. 2013) ("The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice.") (citation omitted); United States v. Dunham, 240 F.3d 1328, 1329 (11th Cir. 2001) ("We conclude that the district court lacked jurisdiction to consider and rule on Dunham's § 2255 motion during the pendency of her direct appeal.").[3] Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The conclusions in the Report (DE 7) are **AFFIRMED AND ADOPTED**.
2. Movant's motion to vacate (DE 1) is **DENIED** without prejudice to refile following the close of his direct appeal, Case No. 16-10628 before the Eleventh Circuit.
3. All pending motions are **DENIED AS MOOT**.
4. The Clerk is directed to **CLOSE** this case for administrative purposes.

---

[3] Also pending before the Court are Movant's motion for injunctive relief requesting an Order requiring the Bureau of Prisons to retain custody over Movant (DE 6), sealed time sensitive motions for hearing in re: motion to vacate judgment (DE 9; DE 11), and motions to seal the time sensitive motions (DE 8; DE 10). Because the Court has no jurisdiction to consider the § 2255 motion that initiated this proceeding (DE 1), these other motions are denied as moot.

2

**DONE AND ORDERED** in Chambers in Miami, Florida, this 21st day of September, 2016.

                                                  KATHLEEN M. WILLIAMS
                                                  UNITED STATES DISTRICT JUDGE

CC:   James E. Price, III
        98922-004
        Federal Corrections Institution Inmate Mail/Parcels
        P.O. Box 779800
        Miami, FL 33136