UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

                              CASE NO: 0:12-CR-60016-KMW

v.

JAMES E. PRICE, III.,

        Defendant.

_____/

## DEFENDANT JAMES E. PRICE'S MOTION FOR COMPASSIONATE RELEASE AND MODIFICATION OF SENTENCE BASED ON RISK OF CORONA VIRUS

Defendant, JAMES E. PRICE, III by and through the undersigned counsel, files his Motion for Compassionate Release and Modification of Sentence Based on Risk of Corona Virus and alleges as follows:

1.    On June 29, 2012, the Defendant was found guilty by a jury of one count of Distribution of Child Pornography (18 U.S.C. 2252(a)(2)) and one count of Possession of Child Pornography (18 U.S.C. 2252(a)(4)(B)).

2.    On March 22, 2013 the Honorable Court committed the Defendant to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred fifty-six (156) months as to count 1 and one hundred twenty (120)

months as to count 2 to run concurrently.  Such prison terms are to be followed by twenty-five (25) years of supervised release.

3.      The Defendant has served over ninety-six (96) months of his sentence.

4.      The Defendant is currently being held at FCI Miami an according to the BOP website, has an expected release date of 7/23/2023.

5.      On June 19, 2020 the undersigned counsel submitted a request for compassionate release to the Federal Bureau of Prisons on behalf of the Defendant.

6.      On June 23, 2020, the Federal Bureau of Prisons confirmed receipt of the June 19, 2020 request.

7.      As of the date of this motion, The Bureau of Prisons has not responded with a decision regarding the Defendant's request for compassionate release.  The thirty (30) day period provided for in 18 U.S.C. 3582 as amended by the First Step Act, expires on July 19, 2020.  (See Exhibit "A" attached hereto)

8.      The Defendant is a forty-nine (49) year old Hispanic male with a documented history of respiratory illness which has in the past required ICU level treatment.

9.      We are in the midst of an unprecedented pandemic. COVID-19 has paralyzed the entire world. The disease has spread exponentially, shutting down schools, jobs, professional sports seasons, there is no approved cure, treatment or vaccine to prevent it.

10.     People with pre-existing medical conditions- like the Defendant, face a particularly high risk of dying or suffering severe health effects should they contract the disease.

11.     During his time in the Bureau of Prison, the Defendant has been an ideal inmate showing significant rehabilitation in prison and bettering himself with all the opportunities available to him through the Bureau.

12.     The Defendant is clearly a non-violent offender, who throughout his life has never demonstrated a propensity for violence.  Therefore, it is submitted that the Defendant would not be a threat or danger to society if released to home-confinement, with the usual conditions imposed including electronic monitoring.

13.     In the event the Defendant is released on home-confinement, the Defendant will return to his wife and family in their New York home.

14.     As of today July 13, 2020, there were over 3,441,503 cases of the novel corona virus reported in the United States with approximately 137,947 fatalities thus far, and that number is continuing to grow.

15.     Florida in particular has 282,435 cases, and that number is rising by over 12,000 cases a day.

16.     As of July 9, 2020, there were 16 inmates and 4 staff members who has tested positive for the corona virus at Miami FCI.

17.     People in prison or jail may have made bad decisions to wind up behind bars, but they are still human beings worthy of consideration during this medical emergency. As our country braces itself for more of the effects of the

coronavirus, we should make sure that those in the justice system are protected as well.

18.     Eminent experts have expressed their opinions regarding the COVID-19 virus and how those individuals who are presently incarcerated should be treated and protected. (Attached hereto as Exhibit "B" is the "Declaration for Persons in Detention and Detention Staff Regarding COVID-19" By Chris Beyrer, MD, MPH, Professor of Epidemiology, Johns Hopkins Bloomberg School of Public Health, Baltimore, MD.) (Attached hereto as Exhibit "C" is the Declaration of Dr. Jaimie Meyer, an Assistant Professor of Medicine at Yale School of Medicine and Assistant Clinical Professor of Nursing at Yale School of Nursing in New Haven, Connecticut.)

19.     The COVID-19 pandemic poses a serious danger to society, and especially to at-risk or vulnerable inmates. COVID-19 poses a greater threat to Federal Bureau of Prison inmates than to the general population because inmates are confined in relatively close quarters and are unable to take the health precautions that many can take outside of prison, such as social distancing.

20.     Very recently, on April 29, 2020, United States Magistrate Judge Lauren Fleischer Louis in *United States v. Akrum Alrahib*, SDFL Case Nos. 19-20165-CR-SMITH/LOUIS and 19-20664- CR-SMITH/LOUIS, ordered the release on bond of a defendant awaiting trial in two cases. The Court noted, "It is well-accepted that incarcerated individuals, and the employees who work in detention centers, face an even greater risk to the spread and exposure to the virus.

21.    The CDC has acknowledged that correctional and detention facilities "present[ ] unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff, and visitors." *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Centers for Disease Control* (Mar. 23, 2020), [https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance correctional-detention.html] [hereinafter CDC Guidance on Correctional and Detention Facilities] (quoted in *United States v. Roscoe*, No. 19-CR-20537, 2020 WL 1921661, at *3 (E.D. Mich. Apr. 21, 2020)). "The necessarily close quarters and limited hygienic options for inmates of the Jail increases their risk of infection, which in turn risks the wellbeing of jail staff, their families, and the general community." *United States v. Daniels*, No. 19-CR-00709-LHK (NC), 2020 WL 1815342, at *3 (N.D. Cal. Apr. 9, 2020)."

22.    In light of this unprecedented situation, Attorney General Barr has urged the Bureau of Prisons to transfer inmates to home confinement where appropriate to decrease the risks to their health. Memorandum from the Attorney General (Apr. 3, 2020). The memorandum states that inmates over 60 years of age with severe pre-existing medical conditions serving sentences for non-violent crimes may be transferred to home confinement. Attorney General William Barr also emphasizes the importance of protecting the public from individuals who may pose a danger to society and to prevent the over-burdening of the police force "with the indiscriminate release of thousands of prisoners onto the streets without any

verification that those prisoners will follow the laws when they are released." The memorandum also stresses the need for careful, individualized determinations on the appropriateness of releasing any given inmate and does not encourage a mass release of all qualifying inmates.

23.    The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), provides that: (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS §3553(a)] to the extent that they are applicable, if it finds that — (i) extraordinary and compelling reasons warrant such a reduction; 18 U.S.C. §3582(c)(1)(A)(i).

24.    Under the relevant Sentencing Guidelines Policy Statement, the court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. §3553(a), to the extent they are applicable, the court determines that ... extraordinary and compelling reasons warrant a reduction." §1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. §3142(g)." *Id.* at policy stmt.

25.     It is submitted that there are extraordinary and compelling reasons that warrant the granting of this request. Further, the 18 U.S.C. §3553(a) factors warrant home-confinement in this instance.

26.     It is submitted that when the extremely minimal risk of danger to the community is weighed against the health and safety of the Defendant, it is the health and safety of the Defendant that should be of greater weight in this instance.

27.     Pursuant to SDFL Local Rule 88.9, the undersigned counsel has consulted with Marc Anton, the Assistant United States Attorney assigned to this case, and he has advised that the Government intends to file an objection to this request.

WHEREFORE, Defendant, JAMES E. PRICE, III, respectfully prays that this Honorable Court enter its order granting this Motion for Compassionate Release and Modification of Sentence to Home-Confinement Based on Risk of Coronavirus, and provide that the remainder of the Defendant's sentence of imprisonment be converted to a sentence of home- confinement with the usual conditions imposed, including electronic monitoring

Respectfully submitted,

The Del Villar Firm, P.A.

By/s/  Jorge L. Del Villar.
Jorge L. Del Villar, Esq.

United States of America v. James E. Price
Honorable Judge Williams
Case No: 0:12-CR-60016-KMW

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2020. I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

The Del Villar Firm, P.A.

By /s/  Jorge L. Del Villar.
Jorge L. Del Villar, Esq.
1450 Madruga Ave
Suite 211
Coral Gables, Florida 33146
Telephone: (305)669-7007
Florida Bar No. 022802
jdv.dvfirm@gmail.com
Attorney for the Defendant

United States of America v. James E. Price
Honorable Judge Williams
Case No: 0:12-CR-60016-KMW

<u>SERVICE LIST</u>

United States of America v. James E. Price
Case No. 0:12-CR-60016-KMW

Robin Joy Farnsworth
Federal Public Defender's Office
One East Broward Boulevard
Suite 1100
Fort Lauderdale, FL 33301
954-356-7436
954-356-7556 (fax)
Robin_Farnsworth@fd.org
Assigned: 07/15/2013

Marc Stuart Anton
United States Attorney's Office
500 East Broward Blvd.
Suite 700
Ft. Lauderdale, FL 33394
954-660-5096
954-356-7230 (fax)
marc.anton@usdoj.gov
*Assigned: 06/06/2012*

Mark Dispoto
United States Attorney's Office
500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33301-3002
561-820-8711
561-820-8777 (fax)
mark.dispoto@usdoj.gov
Assigned: 01/26/2012

Thomas Franzinger
U.S. Department of Justice
Criminal Division
1400 New York Avenue, NW
Suite 600
Washington, DC 20530
202-616-1951
thomas.franzinger@usdoj.gov
Assigned: 02/24/2012