UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-60016-CR-WILLIAMS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JAMES E. PRICE, III.,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

**THIS MATTER** is before the Court on Defendant James E. Price, III's motion for compassionate release and modification of sentence. (DE 217). The Government filed a response in opposition. (DE 219). For the reasons that follow, Mr. Price's motion is denied.

Previously, under 18 U.S.C. § 3582(c)(1)(A), a court could reduce a term of imprisonment "only if the Director of the [Bureau of Prisons] file[d] a motion requesting the reduction and the court [found] that 'extraordinary and compelling reasons warrant[ed]' a reduction." *Orlansky v. FCI Miami Warden*, 754 F. App'x 862, 865 (11th Cir. 2018). The First Step Act amended Section 3582(c)(1)(A) to allow a defendant to file a motion for a modification of a term of imprisonment after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1]  18 U.S.C. § 3582.

---

[1] In certain circumstances, courts have found that "exhaustion of the administrative process can be waived in light of the extraordinary threat posed" by the COVID-19 pandemic. *See e.g.,*

Under 18 U.S.C. § 3582(c)(1)(A), the Court may "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable" if the Court finds that:

**(i)** extraordinary and compelling reasons warrant such a reduction; or

**(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C.A. § 3582.

Based on the particular facts presented, the Court finds that Mr. Price has not established extraordinary and compelling reasons to warrant the relief requested. Mr. Price states that he has "a documented history of respiratory illness which has in the past required ICU level treatment." (DE 217). However, he has not presented any medical records to support this assertion. The Government has submitted Mr. Price's BOP medical records to show that Mr. Price does not have a "documented history" of respiratory illness and only had a respiratory infection approximately six years ago in 2014.  (DE 219; DE 220). Mr. Price does not otherwise identify any health condition that renders him particularly vulnerable to the risks of COVID-19 but argues that the ongoing pandemic presents a greater threat to inmates than to the general public.

---

*United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *2 (S.D.N.Y. Apr. 3, 2020). However, because the Court finds denial of Defendant's motion appropriate for other reasons, it need not determine whether the Government's argument on this ground has merit.

2

While the Court does not discount Mr. Price's concern about his health during the COVID-19 pandemic, the Court is unable to conclude that there are extraordinary and compelling reasons to grant compassionate release. *See e.g.*, *United States v. Zywotko*, No. 219CR113FTM60NPM, 2020 WL 1492900, at *2 (M.D. Fla. Mar. 27, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.") (quoting *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)).

Accordingly, upon review of the motion (DE 217) and the Government's response (DE 219), Mr. Price's motion is **DENIED.**

**DONE AND ORDERED** in chambers in Miami, Florida, this 31st day of July, 2020.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE