ב"ה

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No: 1:12-CR-60016-KMW

FILED BY_____ *PG*_____ D.C.

OCT 0 5 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA,
  *Plaintiff,*

v.

JAMES PRICE.
  *Defendant.*

_____/

## DEFENDANT'S MOTION TO TERMINATE COUNSEL

**COMES NOW,** James Price ("the Defendant"), and files this, his motion to terminate the representation of Jorge Del Villar, Esq., as counsel for the Defendant. Based on the facts set forth below, the Defendant respectfully moves this Court for the entry of an order to GRANT the termination of counsel.

1

## I.   STATEMENT OF FACTS

1.     Counsel for the Defendant, Jorge Del Villar, Esq., is a member in good standing of the Florida Bar Association (Fla. Bar. No. 22802 and the Southern District of Florida).

2.     All costs and fees for counsel's representation in this matter were *pre-paid* prior to the commencement of litigation.

3.     Prior to the filing of any pleading  by counsel, Mr. Price and his wife provided Mr. Del Villar with confidential documents including medical records, activity  summaries, and status reports *under privilege.*

4.     Prior to the filing of any pleading by counsel, Mr. Price and his wife conferred with Mr. Del Villar via telephone and email. Counsel was provided a detailed document that contained the status of relevant and related cases and clear written directive  to Mr. Del Villar, under the Fla. Bar Ass'n. rules of ethical conduct, of the pleadings to be filed by counsel in this matter.

5. *Without authorization,* and in violation of the Fla. Bar Ass'n. rules, counsel disclosed privileged and highly confidential information.

6. *Without authorization,* and in violation at the Fla. Bar Ass'n rules, Mr. Del Villar used documents, research, and information, *paid for by a different client in a different case,* in the representation of Mr. Price.

7. Counsel was directed verbally, and in writing, to provide draff of all pleadings to his client for review and approval *PRIOR* to the filing of any pleadings before this Court.

8. Mr. Del Villar failed a facially deficient motion [ECF No. 217][1] without the Defendant's review or approval and in direct contravention of the Defendant's express written directive.

9. Counsel failed to file the clear and compelling evidence in his possession in support of the claims in the Defendant's Motion for Compassionate Release. The documents provided to, and in Mr. Del Villar's

---

[1] Even counsel's electronic filing of the motion [ECF No. 217] was deficient and required the clerk of Court to correct counsel's errors. See ECF No. 218.

possession included: (1) 368-pages of certified medical records form form Memorial Health System that documented the Defendant's life-threatening respiratory infection, ICU treatment, and the use of "last line" drugs [Avelox and Maxipime] to save the Defendant's life; (2) Avelox/Maxipime drug information; (3) CDC, NIH, and other accredited scientific evidence in support of each of the *five (5) comorbidities* that place Mr. Price in the highest-risk category for serious complications or death from COVID-19; and (4) sensitive law enforcement information regarding the Defendant.

10.   The pleading filed by Mr. Del Villar in this matter was facially deficient and fell below the professional standards of counsel in view of the quantum of relevant evidence known and available to counsel at the time.

11.   Mr. Del Villar was professional negligent in his failure to comply with lawful and ethical directives form his client to file a Reply to the United States Memorandum in Opposition, to correct factual inaccuracies by the government.

## II.    TERMINATION OF COUNSEL

12.   The Defendant retained counsel in this matter for the express benefit of professionally competent counsel. Mr. Del Villar accepted pre-payment of cost and fees in exchange for filing a properly formatted and adequately supported motion for compassionate release/reduction in sentence. The motion was to be based on Mr. Price's individualized and specific risk factors related to the novel Coronavirus (SARS-CoV-2 pneumonia) and COVID-19.

13.   The pre-paid cost and fees were based on the fact that Mr. Price had; (1) already complied with the written request requirement of 18 U.S.C. § 3582(c)(1)(A)(i); (2) thirty (30) days had lapsed without action by Warden Sylvester Jenkins; (3) copies of the request sent to Warden Jenkins to substantiate the filing of such requests with the warden were provided to counsel; (4) an affidavit from the Defendant's wife attesting to her email and telephone request to the prison was provided to counsel; (5) certified copies of the Defendant's medical records from Memorial Health System were provided to counsel; (6) a detailed case history and an agreed upon attorney-client strategy for the pleading to be filed in this case.

14.    Instead, upon receipt of the pre-paid cost and fees, Mr. Del Villar became nearly completely unresponsive. Counsel refused to accept telephone calls from the Defendant and refuse to respond to any of the Defendant's email or written communication sent via certified mail. See Exhibits "A" and "B".

15.    After more than six (6) weeks of unanswered requests from the Defendant, Mr. Price was informed that Mr. Del Villar had, without authorization, disclosed sensitive law enforcement information that placed the life, safety, and health of Mr. Price, law enforcement agents, and others in jeopardy.

16.    Despite prior agreement and numerous admonishments that no pleadings were to be filed without the Defendant's concurrence and authorization, Mr. Del Villar filed a facially deficient motion before this Court.[2]

---

[2]    Counsel neither notified nor provided a copy of the deficient pleading to Mr. Price. The Defendant was only notified of the filing when he received the "Notice of filing Error" [ECF No 218] form the Clerk of Court.

17.   On July 22, 2020 and again July 23, 2020, Mr. Price sent certified letter to Mr. Del Villar directing him to amend the deficient motion with the specific facts and evidence necessary to support the claims set forth in this motion.

18.   On August 4, 2020, Mr. Price received a two (2) sentence letter form Mr. Del Villar that informed him of this Courts Order [ECF No. 221] denying the motion, and request the Defendant's guidance on how to proceed. The Defendant noted with great irony that this Court cited the exact weakness in its order, including the citation of *United States v. Zukerman,* in his previous letter to counsel *prior* to the issuance of the order of denial.

19.   In sum, no counsel is better than bad counsel. Based on the facts and circumstances above, it is not possible for Mr. Price to receive the benefit of professional counsel form Mr. Del Villar, and counsel's representation of the Defendant should be terminated forthwith.

20.   Moreover, in view of counsel's deficient performance and egregious violations of the Fla. Bar Assn's rules, the Defendant has moved to initiate malpractice proceedings before the Fla. Bar Ass'n.

7

## III.   CONCLUSION

21.   The conduct of counsel in this matter was deficient to the point of malpractice. The evidence of counsel's malpractice was demonstrated by and through Mr. Del Villar's breaches of attorney-client privilege, the attorney-client agreements, his refusal to communicate with his client upon receipt of payment, and his filing of an error ridden, facially deficient motion.

22.   The Defendant was prejudiced in this matter where this Court was unable to reach a decision favorable to Mr. Price in a life-threatening circumstance because counsel deprived it of the requisite facts and supporting information.

**WHEREFORE,** in view of the forgoing statement of points and authorities, the Defendant respectfully moves this Court for the entry of an Order to *GRANT* the motion to terminate counsel.

Dated: September 30, 2020

Respectfully Submitted,

James
Price

Digitally signed by
James Price
Date: 2020.09.30
14:12:50 -04'00'

/s/James Price
USM No. 98922004
Federal Correctional Institution
P.O. Box 779800
Miami Florida 33177-9800
Tel.: 305-259-2150
Fax.: 305-259-2383
Email: PriceJamesE@outlook.com

# Exhibit

# A

7/29/2020                              USPS.com® - USPS Tracking® Results

**ALERT: DUE TO LIMITED TRANSPORTATION AVAILABILITY AS A RESULT OF NATIONWIDE CO...**

# USPS Tracking®                                                   FAQs >

## Track Another Package  +

**Tracking Number:** 70170530000020479744                    Remove ✕

Your item was delivered to an individual at the address at 1:19 pm on July 27, 2020 in MIAMI, FL
33146.

## ⊘ Delivered

July 27, 2020 at 1:19 pm
Delivered, Left with Individual
MIAMI, FL 33146

**Get Updates** ∨

---

**Text & Email Updates**                                              ∨

---

**Tracking History**                                                  ∧

**July 27, 2020, 1:19 pm**
Delivered, Left with Individual
MIAMI, FL 33146
Your item was delivered to an individual at the address at 1:19 pm on July 27, 2020 in MIAMI, FL 33146.

**July 27, 2020, 7:57 am**
Out for Delivery
MIAMI, FL 33146

7/29/2020                                    USPS.com® - USPS Tracking® Results

July 27, 2020, 7:46 am
Arrived at Unit
MIAMI, FL 33146


July 26, 2020
In Transit to Next Facility


July 23, 2020, 11:46 pm
Arrived at USPS Regional Facility
MIAMI FL DISTRIBUTION CENTER


---

**Product Information**                                                    ∨

---

See Less ∧



Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.


**FAQs**

# Exhibit

# B

9/23/2020                                      USPS.com® - USPS Tracking® Results

**ALERT: STAY UPDATED ON POST OFFICE CLOSURES AND SERVICE IMPACTS DUE TO SEVER...**

# USPS Tracking®

FAQs >

### Track Another Package  +

**Tracking Number:** 70170530000020479867                    Remove ✕

Your item was delivered to an individual at the address at 10:15 am on August 1, 2020 in MIAMI, FL
33158.



# ⊘ Delivered

August 1, 2020 at 10:15 am
Delivered, Left with Individual
MIAMI, FL 33158

**Get Updates** ∨

Feedback

---

### Text & Email Updates                                              ∨

---

### Tracking History                                                    ∧

August 1, 2020, 10:15 am
Delivered, Left with Individual
MIAMI, FL 33158
Your item was delivered to an individual at the address at 10:15 am on August 1, 2020 in MIAMI, FL 33158.

August 1, 2020, 3:29 am
Departed USPS Regional Facility
MIAMI FL DISTRIBUTION CENTER

USPS.com® - USPS Tracking® Results

**July 31, 2020**
In Transit to Next Facility

**July 25, 2020, 12:55 am**
Arrived at USPS Regional Facility
MIAMI FL DISTRIBUTION CENTER

---

**Product Information** ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

Feedback

**FAQs**



Research Assist

Address: P.O. Box 130270
Springfield Gardens, NY 11413
Email: Researchassistgmail@outlook.com
Phone: 347-791-2699

CERTIFIED MAIL

7020 1290 0000 9625 4623

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
400 NORTH AVENUE Miami Ave
MIAMI FLORIDA 33128





1000

33128

U.S. POSTAGE PAID
FCM LG ENV
SPRINGFIELD GARDEN
1413
SEP 30, 20
AMOUNT
$5.15
R2305H127283-29





USMS INSPECTED

BY