UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60016-CR-WILLIAMS

UNITED STATES OF AMERICA

v.

JAMES E. PRICE, III.,

           Defendant.
                              /

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
SECOND EMERGENCY MOTION FOR COMPASSIONATE RELEASE**

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and hereby moves this Court to deny defendant James Price's motion asking this Court to again reduce his sentence of imprisonment and order his immediate release under 18 U.S.C. § 3582(c)(1)(A), relying on the threat posed by the COVID-19 pandemic. The United States respectfully opposes the motion. This Court should deny the motion with prejudice because Defendant has not met his burden of establishing that a sentence reduction is warranted under the statute.[1]

**FACTUAL BACKGROUND**

On June 29, 2012, the Defendant was found guilty by a jury of one count of Distribution of Child Pornography in violation of 18 U.S.C. 2252(a)(2)) and one count of Possession of Child Pornography in violation of 18 U.S.C. 2252(a)(4)(B)). Thereafter, on March 22, 2013, this Honorable Court committed the Defendant to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred fifty-six (156) months as to count 1 and one hundred

---

[1] Section 3582(c) provides that a court may not modify a term of imprisonment once it has been imposed except "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, [the sentencing court] may reduce the term of imprisonment . . . ." § 3582(c)(1)(A).

twenty (120) months as to count 2 to run concurrently. Such prison terms are to be followed by twenty-five (25) years of supervised release.

The Bureau of Prisons ultimately sent Price to FCI Miami to serve out his sentence. Thereafter, on June 19, 2020, Price, through counsel, submitted a compassionate release request to the FCI Miami warden and on July 13, 2020, Price filed his first emergency petition for compassionate release with this Court. (DE 217).  Specifically, he moved for relief under 18 U.S.C. § 3582(c)(1)(A) for a sentence reduction resulting in his immediate release from the custody of the Bureau of Prisons (BOP), relying on the general threat posed by the COVID-19 pandemic, based on his "documented history of respiratory illness which has in the past required ICU level treatment."  However, no specifics were alleged and no medical records in support of such claim were submitted to the Court in conjunction with this request for relief.

After a thorough review of the pleadings, this Honorable Court denied Defendant's Motion (DE 221), stating that "Mr. Price has not established extraordinary and compelling reasons to warrant the relief requested. Mr. Price states that he has 'a documented history of respiratory illness which has in the past required ICU level treatment.' (DE 217).  However, he has not presented any medical records to support this assertion… Mr. Price does not otherwise identify any health condition that renders him particularly vulnerable to the risks of COVID-19 but argues that the ongoing pandemic presents a greater threat to inmates than to the general public." (DE 221 at 3). Therefore, the Court stated it was "unable to conclude that there are extraordinary and compelling reasons to grant compassionate release." Id., and denied the Motion on July 31, 2020.

Thereafter, on December 18, 2020, Defendant Price filed a second Emergency Motion for Compassionate Release, (DE 226), claiming once again "[t]he risk posed by the potential complications from the Defendant's underlying medical conditions (comorbidities), the individual and cumulative risk factors identified by the CDC together with the current outbreak of COVID-19 at FCI-MIA, constitute extraordinary and compelling reasons for his compassionate release."

He further stated that "[t]he risk to Mr. Price from COVID-19 in prison is NOT speculative, it is immediate, real, on-going, and serious." (DE 226 at 40). In support of his arguments, he stated that the "constant increase in new infections combined with inconsistent reporting and the lack of proper protocols, demonstrate the BOP and FCI-MIA's inability to effectively manage the spread of the deadly virus, or to protect inmates entrusted to their care." Id. at 7. Thereafter, he stated he possessed six risk factors that placed him in the highest risk category for serious complications from COVID-19, specifically his age (over 50), gender (male), ethnicity (Hispanic), a pre-existing respiratory condition, hypertension, and prior treatment with "last line" drugs.

Thereafter, on January 4, 2020, Price filed a supplement to his motion (DE 230) wherein he admitted that he had tested positive for COVID-19 on December 1, 2020, (a fact that while known to the defendant, was conspicuously left out of his initial filing, most likely due to the fact that he has since recovered and been released back into the general population). And again, the defendant has failed to submit to this Court any medical records supporting his claims.

## **LEGAL FRAMEWORK**

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that

(i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13.2. The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." USSG § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

- suffering from a serious physical or medical condition,
- suffering from a serious functional or cognitive impairment, or
- experiencing deteriorating physical or mental health because of the aging process,

 that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. USSG § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D).

## ARGUMENT

This Court should again deny Defendant's motion for a reduction in his sentence with prejudice on either of two independently sufficient grounds. First, Defendant has not identified "extraordinary and compelling reasons" for that reduction within the meaning of § 3582(c)(1)(A)

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; *cf.* 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

and the Sentencing Commission's policy statement. Second, Defendant poses a significant danger to the public and the statutory sentencing factors do not weigh in favor of his release.

      **A.    Defendant Has Not Identified "Extraordinary and Compelling Reasons" for a Sentence Reduction.**

Defendant's request for a sentence reduction should again be denied because he has not demonstrated "extraordinary and compelling reasons" warranting release. As explained above, under the relevant provision of § 3582(c), a court can grant a sentence reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, as relevant here, certain specified categories of medical conditions. USSG § 1B1.13, cmt. n.1(A).

For that reason, to state a cognizable basis for a sentence reduction based on a medical condition, a defendant first must establish that his condition falls within one of the categories listed in the policy statement. Those categories include, as particularly relevant here, (i) any terminal illness, and (ii) any "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG 1B1.13, cmt. n.1(A). If a defendant's medical condition does not fall within one of the categories specified in the application note (and no other part of the application note applies), his or her motion must be denied.

As stated by the Court previously, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." United States v. Zywotko, No. 219CR113FTM60NPM, 2020 WL 1492900, at *2 (M.D. Fla. Mar. 27, 2020) (*quoting* United States v. Eberhart, No. 13-CR-00313-PJH-1, 2020 WL

1450745, at *2 (N.D. Cal. Mar. 25, 2020)). That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under § 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19,[3] that condition may satisfy the standard of "extraordinary and compelling reasons."  Under these circumstances, a chronic condition (*i.e.*, one "from which [the defendant] is not expected to recover") reasonably may be found to be "*serious*" and to "*substantially diminish*[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. USSG § 1B1.13, cmt. n.1(A)(ii)(I). (emphasis added).

### Defendant's Medical Records

First and foremost, the fact that Price was diagnosed with COVID-19 in December of 2020 and recovered quickly is a testament to the adequacy of treatment at the facility, his ability to self-care, and the non life-threatening condition he is currently residing in.  As the attached medical records obtained by the Government depict, at his December 21, 2020 medical evaluation to determine whether or not he could be released from isolation, the records indicate that "Patient denies any difficulty breathing, cough, stuffy or running nose, headaches, diarrhea or having recent or recurring fever. VS (vital signs) within normal limits." His temperature was normal, and his oxygen saturation was at 98%. *See* Exhibit 1 (Encounter date 12/21/20).  He routinely visits the medical clinic, and receives constant care as appropriate.

While it is true that the Defendant suffers from high blood pressure, doctors from both Larkin Hospital and FCI-Miami have prescribed medication to control his situation, which the defendant has been directed to self-administer. Nonetheless, while the Defendant goes to great

---

[3] *See* Centers for Disease Control, *At Risk for Severe Illness*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last modified Apr. 2, 2020).

lengths to illustrate the "imminent danger" posed by his high blood pressure, and the dire consequences that his condition could cause if left unchecked by the BOP, his actions are not consistent with his claims. Most notably, on December 13, 2020, the Defendant went to the clinic for a blood pressure check. When staff recorded a blood pressure of 203/167, physicians ordered that Price be immediately transferred to the local hospital. He **REFUSED**. His blood pressure was again checked approximately thirty minutes later, and while lower, was still elevated. Again, the physician ordered that Price go to the local hospital, and again, he **REFUSED**. He was thereafter presented with a medical treatment refusal form that informed him he could be at possible risk for a stroke or other negative consequences, which he similarly refused to sign in the presence of two witnesses, and never went to the hospital. While the Defendant implored that he "should receive treatment before he suffers a heart attack or stroke, not merely after-the-fact," (DE 230 at 11), his actions speak louder than words. Accordingly, the defendant bears the responsibility of any negative consequences from non-compliance with doctor's orders.

Moreover, as the District Court in the Middle District of Florida has recently stated, "[N]either asthma nor high blood pressure is an extraordinary condition. The C.D.C. reports that 108 million adults in the United States (about 45% of the adult population) have high blood pressure or take medication for the condition." United States v. Wilson, 2020 WL 4193624, at * 2 (M.D. Fla. July 21, 2020). As such, the Defendant has been prescribed a medication regimen to control his hypertension, and is continuously monitored by BOP clinic staff.

Moreover, Price states, without documentation, that he continues to suffer "from chest pain, heart palpitations, irregular/elevated heart-rate (Tachycardia), uncontrolled high blood pressure (Hypertension), extreme fatigue (sleeping 12-15 hours per day), memory and cognition problems, chronic headaches, vision problems, insulin resistance and diabetic metabolic syndrome (HGB greater/equal to 5.7)" (DE 230 at 9-10). Yet, his medical records depict a different story. For example, at his December 14, 2020 BOP clinic visit, notes indicate that "[i]nmate did not

7

report chest pain, fatigue, cough, general malaise, headache, blurry vision…Cardiovascular: Regular rate and rhythm." (*See* Exhibit 1 at page 5 (12/14/20)). This is a consistent entry throughout the records and as stated in the Government's prior response, a review of the records do not reflect a documented history of either current or past respiratory illness, and accordingly, his claims do not establish "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A).

Further, even if the Court assumes that some of the Defendant's conditions may be some of the conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19, the Defendant has himself dispelled that alarm by contracting and successfully recovering from COVID-19 while within the facility. For these reasons, Defendant has failed to establish that his medical conditions rise to the level of an "extraordinary and compelling reason" for a sentence reduction under § 3582(c). The motion should be denied.

### B. Defendant Still Poses a Significant Danger to the Safety of the Community and the § 3553(A) Factors Strongly Weigh Against His Release.

Alternatively, Defendant's request for a sentence reduction should be denied because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors. Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. *See* § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

In the instant matter, Defendant would pose a danger to public safety if released and the § 3553(a) factors strongly disfavor a sentence reduction. The Defendant stands convicted of one count of Distribution of Child Pornography in violation of 18 U.S.C. 2252(a)(2)) and one count of Possession of Child Pornography in violation of 18 U.S.C. 2252(a)(4)(B)), and was sentenced to

8

13 years in prison. There has been no evidence presented that the Movant has completed any treatment regimen or programs that would inform the Court whether the Defendant is no longer a danger. At sentencing, enhancements were added for offense conduct that included in excess of 600 images as well as depictions of sadomasochistic and violent content, since the offense conduct included the seizure of approximately 216 videos and 44 photographs, including 2 involving bestiality. *See also* United States v. Pitcock, No. 15-CR-60222, 2020 WL 3129135, at *3 (S.D. Fla. June 12, 2020) (Defendant convicted of possession and transportation of Child Pornography denied compassionate release despite only having 11 months left on his 96 month sentence in part because no evidence submitted to the Court to indicate whether or not any treatment programs or regimens have been completed by the Defendant that would inform the Court as to whether or not defendant remained a danger).

Moreover, when the Movant was arrested for these crimes, it was presumed that no condition or combination of conditions would reasonably assure the safety of the community and there existed a rebuttable presumption that pre-trial detention was appropriate under 18 U.S.C. 3142(e)(3)(E). Thereafter, as the Court is aware and having seen and heard the evidence, the Movant was convicted at trial, and it is important to note that the Movant has to date, never expressed any acceptance of responsibility or remorse for his actions affecting so many minor victims. Accordingly, absent any evidence to the contrary, which the Movant has failed to present, he remains a danger to the community if released.

Additionally, Price has approximately 2.5 years left to serve on his sentence, and early compassionate release at this early juncture does not act as a deterrent and it does not promote respect for the law. Accordingly, in light of the totality of relevant circumstances, this Court should deny the motion for a sentence reduction.

## CONCLUSION

As previously stated, the Movant bears the burden of establishing that compassionate release is warranted. Because the Movant has failed to provide any support for his claim that "extraordinary and compelling reasons warrant the reduction" due to a medical condition and remains a danger to the community, this Court should again deny Defendant's motion for a sentence reduction.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  /s/ Marc S. Anton
MARC S. ANTON
Assistant United States Attorney
Florida Bar No. 0148369
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
Tel: (954) 660-5096
Fax: (954) 356-7230
Marc.anton@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 6, 2021 a true and correct copy of the foregoing was filed with the Court using CM/ECF.

/s/ Marc S. Anton
MARC S. ANTON
Assistant United States Attorney