UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>12-60016-CR-WILLIAMS</u>

UNITED STATES OF AMERICA

v.

JAMES E. PRICE, III.,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO COURT'S ORDER REGARDING**
**<u>DEFENDANT'S STATUS REPORT</u>**

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and hereby responds to the Court's paperless order (DE 244), and in support, states as follows:

On February 11, 2021, the Government filed its "Response to Defendant's Status Reports in Support of his Second Motion for Compassionate Release," (DE 239), wherein the Government indicated that "even though BOP Policy prohibits wireless transmission devices at bedside while incarcerated, the ILR (Implantable Loop Recorder) nonetheless remains active and working as intended, and is continuously recording heart function. While not transmitting in real time, Price will be seen monthly by his cardiologist, who will review the data stored within his ILR." (DE 239 at 6). Thereafter, the Court ordered the Government to file a supplement to its response, explaining how the implantable loop recorder is "working as intended" to transmit the information collected in real time, particularly how often the information is collected by medical staff and reviewed aside from the "monthly" visit referenced. The Government shall also provide an update on any reviews of the data (or other medical information) conducted by Mr. Price's physicians at BOP, Larkin Hospital, or elsewhere, particularly as to whether there is need for any future surgery as referenced

1

in the response. (DE 244).

On April 14, 2021, the undersigned spoke with Dr. John Dylewski, the Defendant's Cardiologist, to discuss the Court's questions in an attempt to further inform the Court regarding the Defendant's cardiac condition. During this conversation, Dr. Dylewski indicated that Inmate Price was seen by him for a follow up appointment on April 1, 2021 to review the success of the ablation procedure previously performed in January of 2021. At this appointment, data from the ILR was downloaded and reviewed, and no concerning arrythmia events were indicated or detected by the recorder over the past 3 months.

Dr. Dylewski further explained that while the ILR may not currently be connected to the internet and transmitting to his office events in real time, it nonetheless does work as intended, in that triggering data is stored to the memory of the device until either deleted or overwritten due to a lack of storage space. Storage capacity is dependent on how many triggering episodes are captured on the device, but data would normally last for years if not more on the device before memory capacity was reached. Contrary to Mr. Price's assertions, the device only records certain triggering events/episodes that have been preset by his Doctor to record, and it does not record heart function 24/7. Accordingly, in this case, storage capacity is not an issue as Inmate Price had ZERO abnormal arrythmias recorded over the last 3 months, indicating to Dr. Dylewski that the Defendant's ablation procedure was a success, and in fact, he indicated that he felt the Defendant had been "cured."

Data from the ILR is only reviewed by Dr. Dylewski when Inmate Price is seen in his office, as medical staff at the BOP do not have the capability or expertise to read and analyze the data. Again, data was present in the device, but the reviewed data did not reveal any concerning heart abnormalities over the last three months. This information was confirmed within his medical

records which state "Implantable loop recorder monitor: The cardiologist was notified that Inmate has an implantable loop recorder without a transmitter. The cardiologist stated that is not a problem so he make emphasis that the loop recorder has the ability to record the electrical activity of the heart in response to a significant bradyarrhythmia or tachyarrhythmia or in response to the patient activation. In the circumstance that inmate can't not activate the loop recorded because he does not have a transmitter placed, the cardiologist recommended monthly visits to review the storing ECG data in the loop recorder. Also he recommends to send inmate to the local hospital if acute chest pain and shortness of breath. (Price Medical Records Note Date 2/9/21 at page 97). Finally, the Dr. indicated that Inmate Price would be scheduled for a May follow-up appointment.

The government has filed, under seal, the Defendant's medical records from February 9, 2021 to April 9, 2021. A review of these records indicates that his high blood pressure remains an issue, but is being controlled by medication administered by the BOP in consultation with his frequent medical examinations at Larkin Community Hospital. Most recently, Defendant Price was admitted to Larkin Hospital from April 4, 2021 to April 6, 2021 for general medical workup to rule out any pathology that causes his episodic hypertension. Ultimately, he was discharged in stable medical condition and pheochromocytoma was ruled out, but some additional blood test results are still pending.

As a review of the extensive medical records reveals, Inmate Price remains well monitored by the Bureau of Prisons, has been prescribed all appropriate medications, and has received all appropriate medical treatment both within and outside of the prison facility at Larkin Community Hospital and Jackson South Hospital. No additional surgery is scheduled or contemplated at this time, and Price remains under the care of a cardiologist. Accordingly, for these reasons and those that have been previously stated, Defendant has failed to establish that his medical conditions rise

to the level of an "extraordinary and compelling reason" for a sentence reduction under § 3582(c), and his motion should be denied. Nevertheless, if the Court wishes to hear directly from his cardiologist, the Government can arrange for a telephonic conference/hearing wherein the Court can be informed directly regarding Defendant Price's most current medical status.

                                                 Respectfully submitted,

                                                 JUAN ANTONIO GONZALEZ
                                                 ACTING UNITED STATES ATTORNEY

                         By:    /s/ Marc S. Anton
                              MARC S. ANTON
                              Assistant United States Attorney
                              Florida Bar No. 0148369
                              500 E. Broward Blvd., Suite 700
                              Fort Lauderdale, FL 33394
                              Tel: (954) 660-5096
                              Fax: (954) 356-7230
                              Marc.anton@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 16, 2021 a true and correct copy of the foregoing was filed with the Court using CM/ECF.

                                               /s/ Marc S. Anton
                                               MARC S. ANTON
                                               Assistant United States Attorney