ב"ה

# APPEAL No. 1:12-CR-60016-KMW

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### JAMES PRICE,
### Plaintiff-Appellant,
### V.
### UNITED STATES OF AMERICA,
### Appellee-Defendant.

Filed by _____ D.C.

APR 20 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### AN APPEAL
### FROM THE UNITED STATES DISTRICT COURT FOR
### THE SOUTHERN DISTRICT OF FLORIDA

### DEFENDANT'S REPLY IN SUPPORT OF THE MOTION FOR
### COMPASSIONATE RELEASE TO THE
### GOVERNMENT'S RESPONSE
### TO THIS COURT'S ORDER

James Price
Appellant-Defendant
USM No. 98922004
Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177-9800
Tel.: 305-259-259-2404
Fax.: 305-259-2383
Email.: PriceJamesE@outlook.com

ב"ה

## CERTIFICAT E OF SERVICE
### United States of America v. James Price
### Case N o.: 1:12-CR60016-KMW

I, James Price, hereby declare that on this date, April 19, 2021, have filed the enclosed:

## DEFENDANT'S  REPLY IN SUPPORT OF THE MOTION FOR COMPASSIONATE RELEASE TO THE GOVERNMENT'S RESPONSE TO THIS COURT'S ORDER

pursuant to the "Mailbox Rule" for incarcerated persons with the Clerk of Court. All parties noticed for service are served pursuant to S.D. Fla. Local Rule 5.1(e), and S.D. Fla. CM/ECF Administrative Procedure § 3B.

l hereby declare that under the penalty of perjury, pursuant to Title 28 U.S.C. § 1746, the foregoing is true and correct.

Executed on April 19, 2021.

By: **James Price**   Digitally signed by James Price Date: 2021.04.19 03:01:20 -04'00'

James Price - 98922004

ב"ה

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No: 1:12-CR-60016-KMW

UNITED STATES OF AMERICA,
  *Plaintiff,*

v.

JAMES PRICE.
  *Defendant.*

_____/

### DEFENDANT'S REPLY IN SUPPORT OF THE MOTION FOR
### COMPASSIONATE RELEASE  TO THE
### GOVERNMENT'S RESPONSE
### TO THIS COURT'S ORDER

**COMES NOW,** James Price ("the Defendant") and files this, his Reply
in Support of the Motion for Compassionate Release/Reduction in Sentence
[ECF 226], to the United States response [ECF 246], to this Court's Order
[ECF 244], wherein the government was directed to "explain[ing] how the
implantable loop recorder is working as intended." In its response, the
government *FAILED* to answer this Court's fundamental questions (a) how

1

often the information (from the implantable loop recorder) is collected by the BOP medical staff and reviewed aside from the monthly visit, and (b) an update of the review data and pertinent information.

## I.    THE IMPLANTABLE LOOP RECORDER DATA

1.    The simple and straightforward answer to this Court's first question is "the BOP has *NEVER* collected and reviewed the data from Mr. Price's ILR. The reason the BOP has *NEVER* collected and reviewed the ILR data is twofold. First, the BOP does not have the equipment required to perform a "manual" diagnostic retrieval of the data from the implanted device.   Second, the BOP has *NO PERSONNEL* trained on either (a) the implanted device, or (b) the type of data it collects.

2.    These facts are further supported by the government's inability to produce *even a single record, report, or data point,* collected from the device. Conversely, were the device "working as intended" the reports, data, alerts,

and events, would readily be available in both the myMerlin App and the St. Jude's Medical Cloud for easy review and printing.[1]

## II.   HEALTH STATUS UPDATE

3.    The government was also directed to provide an update on the Defendant's condition based on any recent review by physicians. Again, the government *FAILED* to even inform this Court that Mr. Price was hospitalized FIVE TIMES (5x) in the thirty day period from March 11th, 2021, to April 10th, 2021. See Defendant's Third Health Status Report [ECF 245]

4.    Instead, the government offered the false and unsupported statement that Mr. Price's blood pressure was under control by medication. The United States statements lie in the face of the facts for this Court. The government *FAILED* to disclose to this Court that the doctors at Larkin Community Hospital diagnosed Mr. Price with "Diastolic congestive heart failure" on March 11th, 2021. See Exhibit A. Congestive heart failure is a very serious, *degenerative,* and often fatal heart condition.

---

[1]    See myMerlin Instructional Manual Device Settings Selection for Print Menu under Reports and Settings when data is stored in St. Jude's  Medical Cloud. See Exhibit B [Page 36].

5.     The government's contention that Mr. Price's blood pressure is either "managed" or "under control" is directly contradicted not only by the clinical notes of Larkin's doctors in the records of this case, but also by the BOP's own records in this case. Specifically, FCI-MIA medical staff recorded Mr. Price's blood pressure on Friday, April 16th, 2021, at 163/113mmHG with a "resting" heart rate of 123 beats per minute, and again on Sunday, April 18th, 2021, at 166/123mmHG with a "resting" heart rate at 143 beats per minute.

6.   The statements in the United States response [ECF 246] were objectively false and deliberately omitted information requested by this Court that was unfavorable to the government.

### III.   NEED FOR FUTURE SURGERY

7.     On Friday, April 2nd, 2021, and again on Monday, April 5th, 2021, Mr. Price met with his cardiologist, Dr. John Dylewski, during his six day (6) hospitalization at Larkin Community Hospital. Based on multiple tests along with his previous heart surgery, doctors determined that Mr. Price had only fifty five percent diastolic function in his heart. This diastolic dysfunction is

4

directly related to Price's (a) diastolic congestive heart failure, and (b) chronically high diastolic blood pressure. The previous heart surgery revealed a *second* abnormal growth around Price's heart that restricted his diastolic function. Thus, where "*no regime of medication*" could alleviate his diastolic function problem, a second heart surgery will ultimately be required.

8.    Moreover, Dr. Dylewski was unable to retrieve any historical data or events from Mr. Price's implanted loop recorder *because* it had not been "read" since February 2021.   As this Court is aware, the ILR's internal storage capacity is *LIMITED* to one hour "60 minutes"[2] when not connected to a wireless transmission device. See Exhibit B. Therefore, all the cardiac events and data collected by the device during the five cardiac incidents in March 2021, were *LOST* due to the BOP negligence. The loss of this cardiac data left Dr. Dylewski without the ability to "see" any pattern of atrial fibrillation, atrial flutter, arrhythmia, or tachycardia. The continued loss and lack of ability to effectively collect and view data from the ILR have impaired the doctors' ability to further diagnose and treat Mr. Price's conditions.

---

[2]    See email from [Andrew Halsch] St. Jude Medical now Abbot Company containing Manuel showing the MD3200 storage capacity of *ONLY* 60 minutes [Page 15 and 31]. See Exbibit B

9.     The BOP conflates the symptomatic presentation of high blood pressure with the underline diagnosis of diastolic autonomic disfunction. There is *"no cure"* for autonomic dysfunction.

## IV.   CONCLUSION

**WHEREFORE,** based on the foregoing facts and records of this case,[3] the Defendant respectfully moves this Court for the entry of an Order to **GRANT** the Motion for Compassionate Release/Reduction in Sentence, for immediate release to begin a term of supervised release with the special condition that he be confined to his home for the first six months.

---

[3]     See Exhibit C, CPR Certificate was not available at time of previous Health Status Report. Filing as an attachment to Defendant's Response.

Dated: February 19, 2021.

Respectfully Submitted,

**James Price**

Digitally signed by
James Price
Date: 2021.04.19
02:56:33 -04'00'

/s/James Price
USM No. 98922004
Plaintiff
Federal Correctional Institution
P.O. Box 779800
Miami Florida 33177-9800
Tel.: 305-259-2268
Fax.: 305-259-2383
Email: PriceJameE@outlook.com

7



